IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, as Parent )
and Next Friend of minor K.N., *et al*. )
)
Plaintiff, )
)
vs. ) Case No. 12-cv-2132-JWL-KGG
)
ST. JOHN'S MILITARY SCHOOL, *et al*., )
)
Defendants. )
_____ )

### ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND DEFENDANTS' MOTION FOR AN INTERLOCUTORY PROTECTIVE ORDER

This case is before the Court on two motions addressing the use and protection of evidence – Plaintiffs' Motion for Preliminary Injunction and Appointment of A Special Master (Doc. 39) and Defendant's Motion for Interlocutory Protective Order (Doc. 50).

### BACKGROUND

Defendant St. John's Military School is a private boarding school for minors. In this action, a number of former students claim damages for personal injuries suffered as a result of alleged physical and mental abuse by other students. Plaintiffs claim that in some instances the acts were performed at the direction or

under the observation of school employees. Plaintiffs allege negligent supervision, intentional failure to supervise, intentional infliction of emotional distress or outrage, negligent infliction of emotional distress, breach of fiduciary duty (alleging failure to discharge *loco parentis* responsibilities), and civil conspiracy of assault and battery. The allegations of abuse are generally and specifically denied by Defendants.

Early in this litigation, Defendants moved for "gag order," asking the Court to bar counsel, parties, and witnesses from any "public communication and/or extrajudicial commentary" regarding the lawsuit or the allegations or predicate events. (Doc. 4). Defendants cited as concerns articles from the press, some of which allegedly cited comments or used interviews from Plaintiffs' counsel. Defendants expressed concern that the press coverage would compromise their ability to receive a fair trial. After a hearing on the issue, Judge Lungstrum denied the motion for a "gag order." (Doc. 13).

## DISCUSSION

### A.   PLAINTIFFS' MOTION

Plaintiffs filed a motion styled "Plaintiffs' Motion for Preliminary Injunction and Appointment of A Special Master." (Doc. 39.) In this motion, Plaintiffs ask the Court to take action to preserve evidence in this case. Plaintiffs request an "injunction" demanding that Defendants preserve all evidence and refrain from

deleting electronic data, and that the school order its students not to delete information relating to the school on any electronic device.  Plaintiffs also request that the Court appoint a special master, at the cost of Defendants, to recover and maintain evidence from electronic devices.  In support of this request, Plaintiffs allege that Defendants' agents have confiscated student cell phones and deleted "hundreds" of pictures and videos, including some which depicted abuse to students, including Plaintiffs.  Defendants' response to this factual claim, after a general denial, is that St. John's "acted in accordance with its long standing policy regarding cell phones and cell phone usage."  Defendants deny deleting or destroying any information relevant to this litigation or to any of Plaintiffs or that they "acted in bad faith."

The Court held a telephone conference on this motion on May 3, 2012.  (Doc. 48.)  At this hearing, the Court was informed by Plaintiffs' counsel that his information that is the basis of this claim originated from a confidential source (or sources) within the school, and that counsel is not currently willing to disclose the identity of the source.  Plaintiffs' counsel admitted that this fact would, at least at present, make proving his allegations in an evidentiary hearing impossible.  Defense counsel did not deny that cell phones had been inspected and material deleted, but denied that any material was relevant to the issues in this case.  Defense counsel also informed the Court that at least some of the cell phones at

issue are the property of the school and were issued to students.

As a preliminary matter, it should be noted that Plaintiffs' motion is miscast as a request for a Preliminary Injunction, which is a request for substantive provisional relief. Fed.R.Civ.P. 65. However, a party has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation. Ordinarily, a specific order from a court is not required. However, a court has inherent authority to make such an order when necessary. *Lykins v. Certainteed Corp*., No. 11-2133-JTM-DJW, 2011 WL 6337631 (D. Kan. Dec. 19, 2011); *United States v. The Boeing Company*, 05-1073-WEB, 2005 WL 2105972 (D. Kan. Aug. 31, 2005). Factors to be considered in determining whether a protection order should be entered include (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order; and (3) the capability of an individual, entity or party to maintain the evidence sought to be preserved and any burdens of ordering preservation. *Capricorn Power Co., Inc. v. Seimens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004), cited with approval in *Lykins v. Certainteed Corp., supra,* at n.6, and in *United States v. The Boeing Company, supra,* at *2.

The seriousness of the allegations in this motion, and the qualified denial by

the Defense, raise the Court's concern sufficiently to justify the imposition of an order. (The breach of the duty to preserve evidence would not, for example, be excused by a "policy" allowing or requiring destruction.) The harm to the Plaintiffs of the loss of the described evidence would be substantial, and this Order will not impose substantial burdens on the Defendants. The Court, therefore, Orders the following:

    1. Defendants and their agents, officers and employees, shall not, from and after the date of this Order, delete, or cause or ask to be deleted, or consent to the deletion of, any photographic, video, audio, or other data from cell phones or other electronic storage devices currently or previously in the possession of any person, including but not limited to present or past students, or agents or employees of the school, which depicts any event or activity occurring at the school, or any current or former students or any school activity.

    2. This Order applies equally to cell phones or other storage devices which are owned by private individuals or by Defendants.

    3. This Order does not limit the duty of Defendants to preserve evidence that they know or should know is relevant to this litigation.

    Plaintiffs have also requested the appointment of an expert to examine and preserve electronic evidence at the expense of the Defendants. The Court declines to order this or other relief in the absence of proof of Plaintiffs' claim of

spoliation.

Plaintiff's motion (Doc. 39) is, therefore, **GRANTED in part** and **DENIED in part**.

**B.     DEFENDANTS' MOTION**.

Defendants' Motion for Interlocutory Protective Order (Doc. 50) asks the Court to enter a Protective Order to limit the dissemination of photographic and video information depicting students to the press.  The basis for the motion is an expressed concern about the privacy of the minors, and a claim that someone, the Defendants do not know whom, is providing such to the press.  This request does not involve the limitation of discovery provided from the Defendants to the Plaintiffs, and does not even claim that the dissemination is occurring from the Plaintiffs. In any event, these alleged events are beyond the scope of the present case and not the proper subject of an order by this Court.  Any unlawful use of images of minors may subject parties or persons unknown to liability, but there are no grounds alleged by Defendants sufficient to support an Order from this Court in this case.

Defendants' motion (Doc. 50) is, therefore, **DENIED**.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 39) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

IT IS FURTHER ORDERED that Defendants' Motion (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2012, at Wichita, Kansas.

                               S/ KENNETH G. GALE
                               HON. KENNETH G. GALE
                               U.S. MAGISTRATE JUDGE