IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, )
as Parent and Next Friend of K.N., et al., )
 )
Plaintiffs, )
 )
v. ) Case No. 12-2132-JWL
 )
ST. JOHN'S MILITARY SCHOOL, et al., )
 )
Defendants. )
 )
_____)

## MEMORANDUM AND ORDER

The matter is presently before the Court on the motion by defendant St. John's Military School to dismiss the claims against it or alternatively to compel arbitration of those claims (Doc. # 19). For the reasons set forth below, the motion is **denied**. The matter is also before the Court on the motion by defendant St. John's Military School to strike the exhibits attached to plaintiffs' amended complaint (Doc. # 21). That motion is **granted**. Finally, the motion by defendant St. John's Military School to designate Topeka as the place of trial (Doc. # 31) is **denied**.

### I.  Motion to Dismiss or Stay

#### A.  *Factual Background*

By their first amended complaint, seven plaintiffs have asserted claims against St. John's Military School ("St. John's") and two other defendants based on allegations of mistreatment of students enrolled at St. John's. Six of the plaintiffs are parents asserting claims on behalf of their minor children; one former student asserts claims on his own behalf.

In the case of each of the seven former students, a parent or guardian entered into an enrollment contract with St. John's that contained the following paragraph:

> I understand that Cadet privileges will be suspended and academic credits, transcripts, diploma, and other evidence of school accomplishments may be withheld in the event of non-payment of any sums payable to the School hereunder.  <u>Any disagreements, disputes, or potential causes of action of any kind between St. John's Military School and the Parent/Guardian shall be submitted to final and binding arbitration to be conducted according to the then-applicable rules of the American Arbitration Association.</u>  Venue for the arbitration shall be in Salina, Kansas. The obligation to arbitrate shall not be binding with respect to claims by St. John's Military School against the Parent/Guardian arising out of the Parent/Guardian's default under the Non-Negotiable Promissory Note payable to St. John's Military School. The parties agree that the laws of the State of Kansas shall govern all actions or proceedings between St. John's Military School and the Parent/Guardian. For purposes of entering a judgment on any arbitration award or for any other court proceeding, whether initiated by me or by the School, the parties further agree and consent that personal jurisdiction, subject matter jurisdiction, and venue shall exclusively be the District Court of Saline County, Kansas.

(Emphasis added.) The students themselves did not execute the contract.

### *B.* *Governing Standards*

St. John's filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), but in so moving it relies on evidence outside the complaint. Such a motion must be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d). If neither party is prejudiced, a court may convert a motion to dismiss to a motion for summary judgment without further notice or opportunity for additional briefing. *See Bizilj v. St. John's Military School*, 2008 WL 4394713, at *1 (D. Kan. Sept. 24, 2008). Neither party is prejudiced in this case, as defendant's brief specifically addresses *Bizilj*, in which this rule was applied, and plaintiffs' brief cites the standard governing motions for summary judgment. *See id.* (finding no prejudice in that case).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

### *C.* *Analysis*

St. John's seeks dismissal or a stay on the basis of its argument that the claims against it must be submitted to arbitration pursuant to the above-quoted provision in the agreement signed by the students' parents or guardians. In *Bizilj*, Judge Murguia of this District considered and rejected this argument by this same defendant based on a similar arbitration provision in defendant's enrollment contract. *See Bizilj*, 2008 WL 4394713,

at *2-3.[1]  Judge Murguia found no indication in the contract that the parties (St. John's and the parents) intended to include the minor students' claims within the scope of the arbitration provision.  *See id.* at *3.  Judge Murguia noted in that regard that the contract's terms focused on the obligations of St. John's and the parents and that the contract did not state that it was for the benefit of the children or that the children's rights were being waived.  *See id.* (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002)).

Faced with *Bizilj*, St. John's argues that Judge Murguia's opinion is not binding on this Court and was incorrectly decided.  The Court finds the reasoning in *Bizilj* to be sound and persuasive, however, and it follows Judge Murguia in concluding that the arbitration provision does not encompass claims held by the minor students.

St. John's cites cases supporting the position that a parent may enter into an enforceable contract and agree to arbitration on behalf of her minor child.  Plaintiffs do not dispute that such contracts are possible, however.  Similarly, in *Bizilj*, Judge Murguia acknowledged that possibility.  *See id.* (citing cases cited by St. John's here).  Nevertheless, Judge Murguia held, and this Court agrees, that there is no such contract

---

[1] The provision in *Bizilj* stated that "[a]ny disagreements between SJMS and the Parent/Guardian" were to be submitted to arbitration.  St. John's has since amended the arbitration provision in its form enrollment contract to apply to "[a]ny disagreements, disputes, or potential causes of action of any kind between St. John's Military School and the Parent/Guardian."  That change is not material, however, as the addition of "disputes" and "causes of action" does not affect the scope of the provision as it relates to claims asserted by minor students.

4

here, as the arbitration provision expressly applies only to disputes or claims held by the parents or guardians who signed the contract, and does not apply also to claims held by the students or even to claims arising out of the students' enrollment or the enrollment contract generally.[2]

With respect to the actual language of its arbitration provision, St. John's only argues that the provision must have been intended to cover students' claims because in Kansas a minor's cause of action must be brought by a guardian. *See Bonin v. Vannaman*, 261 Kan. 199, 212 (1996). The fact that a signatory may also be able to file legal claims on behalf of non-signatories, however, does not suggest that all such claims were intended to be included within the arbitration provision. The provision here applied to the parent-signatories' disputes or causes of action. As made clear by the Kansas case cited by St. John's, although the parent must bring the lawsuit, the cause of action belongs to the minor child. *See id.* ("if a minor has a cause of action, it must be pursued by a guardian"). Thus, the arbitration provision did not encompass causes of action held

---

[2]The particular contractual term at issue thus distinguishes the present case from the cases cited by St. John's for the proposition that a parent may agree to arbitration on behalf of a child. *See Global Travel Marketing, Inc. v. Shea*, 908 So. 2d 392, 395 (Fla. 2005) (parent expressly signed contract on behalf of minor); *Leong ex rel. Leong v. Kaiser Foundation Hosps.*, 788 P.2d 164, 166 (Haw. 1990) (arbitration provision applied to any claims arising out of rendition of services under the contract); *Hojnowski v. Vans Skate Park*, 901 A.2d 381, 384 (N.J. 2006) (contract spoke in terms of minor as party, with required signature of parent or guardian); *Cross v. Carnes*, 724 N.E.2d 828, 831 (Ohio Ct. App. 1998) (arbitration provision applied to any dispute arising out of release or appearance of minor on television show); *see also Hojnowski*, 901 A.2d at 394 (distinguishing contrary cases on the basis of the language of particular contractual terms at issue).

5

by the students, who did not sign the enrollment contract.

In its reply brief, St. John's also argues that dismissal is mandated by the contract's forum selection clause, which applies to judgments on arbitration awards and other court proceedings "initiated" by the parent-signatories. St. John's suggests that the parents "initiated" the present court case by filing it on behalf of their minor children. As a preliminary matter, the Court does not entertain arguments made for the first time in a reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

In addition, this argument fails on its merits. The Court concludes as a matter of law that the forum selection clause is not broader in scope than the arbitration clause to which it refers, as there is still no indication, based on a reading of the entire contractual paragraph, that the parties intended to include students' claims within the scope of the provision. Moreover, the Court interprets the term "initiated" to mean proceedings brought by the parents in their own name. *See Bizilj*, 2008 WL 4394713, at *2-3 (rejecting the argument by St. John's under both the arbitration and forum selection clauses).[3]

---

[3]The Court also notes that this argument by St. John's would not apply to the claims of one plaintiff whose claim is asserted by a parent who did not sign the enrollment contract, or to the claims of the former student who brought the claims on his
(continued...)

6

Accordingly, the Court concludes that the present suit is not precluded by the enrollment contracts signed by parents or guardians of the former students whose claims have been asserted here, and the Court therefore denies the motion to dismiss or stay.[4]

## II.     Motion to Strike Exhibits

Pursuant to Fed. R. Civ. P. 12(f), defendant St. John's moves to strike two exhibits attached to plaintiffs' amended complaint. As set forth in the complaint, the first exhibit is a copy of an x-ray showing a broken bone suffered by one plaintiff, and the second exhibit is a copy of a photograph of one plaintiff bound by tape.

Plaintiffs first respond that this motion is untimely because it was electronically filed seven minutes after St. John's filed its answer. Plaintiffs are correct that Rule 12(f) allows for a court to act upon a motion filed before a party responds to the pleading at issue, and that St. John's did not file its motion before it filed its answer. Nevertheless, the Court will not deny the motion as untimely for two reasons. First, the two filings were essentially simultaneous, *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (noting that courts have considered motions filed simultaneously with answers as having been filed first), and the Court may strike matters

---

[3](...continued)
own behalf.

[4]In light of this ruling, the Court need not address plaintiffs' arguments based on issue preclusion or the tuition refund given by St. John's to one plaintiff.

from a pleading on its own motion at any rate, *see id.* § 1380 (because Rule 12(f) allows a court to act on its own motion, courts will consider untimely motions). Second, plaintiffs have filed a motion for leave to amend their complaint, which defendants have only partially opposed, and the proposed second amended complaint contains these same exhibits and two additional photographs; thus, even if the Court did not address this motion, the same issue would likely arise in the context of the amended complaint.

Plaintiffs also argue that the Court should strike the motion for failure to comply with D. Kan. Rule 7.1, which requires that a motion be accompanied by a brief, and D. Kan. Rule 7.6, which sets forth the required contents for a brief. The Court will not strike the motion on this basis. In furtherance of efficiency and economy, this Court routinely allows parties to file shorter motions that also contain the party's argument within the same document. The clear intent of Rule 7.1 is to ensure that a party does not seek relief by motion without also providing argument and authority, and St. John's has provided both in this motion. *See* D. Kan. Rule 7.1(a)(4) (court may relieve parties of complying with the rule). Moreover, the argument by St. John's adequately covers the matters set forth in Rule 7.6.

Turning to the merits of the motion, the Court first rejects the argument by St. John's that the exhibits to plaintiffs' complaint should be stricken as scandalous, *see* Fed. R. Civ. P. 12(f), as the x-ray and photograph do not offend the dignity of the Court, are related to plaintiffs' factual allegations, and do not degrade any defendant's moral character any more than do the allegations themselves. *See Dean v. Gillette*, 2004 WL

3202867, at *1 (D. Kan. June 8, 2004).

The Court does conclude, however, that these exhibits should be stricken as immaterial, *see* Fed. R. Civ. P. 12(f), for the reason this photograph and x-ray were not properly included in plaintiffs' complaint under the Federal Rules of Civil Procedure.[5] The Rules consistently describe pleadings as containing "statements" and "allegations", *see* Fed. R. Civ. P. 8, 9, and such language does not contemplate photographs or other objects. *See Cabot v. Wal-Mart Stores, Inc.*, 2012 WL 1378529, at *2-3, 7 (D.N.M. Apr. 10, 2012). Rule 10, which is titled "Form of Pleadings," addresses exhibits to pleadings as follows: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The courts that have considered this issue have concluded that the Rules thus do not contemplate the attachment of exhibits, such as photographs, that are not written instruments. For instance, the Third Circuit has stated: "The case law demonstrates, however, that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based." *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (internal quotation omitted) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327) (holding that an attached affidavit was not a "written instrument" under Rule 10(c)

---

[5]St. John's raised this issue in its reply brief, and the Court would ordinarily not consider an issue raised in that fashion, as noted above. The Court considers the issue on its own motion as permitted by Rule 12(f), however, particularly given plaintiffs' pending motion to file an amended complaint that includes these and additional exhibits.

and thus was not properly considered part of the pleadings). Similarly, in *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991), the Seventh Circuit commented on the complaint before it as follows: "The newspaper articles, commentaries and editorial cartoons which Perkins attached to the complaint referencing this 'scandal' are not the type of documentary evidence or 'written instruments' which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint." *Id.* at 467 n.2 (citing 5 Wright & Miller § 1327); *see also Cabot*, 2012 WL 1378529, at *8 (photographs are not "written instruments" contemplated by Rule 10(c)).

In this case, the x-ray and photograph attached to plaintiffs' complaint are not intended as assertions of fact or expressly incorporated into the body of the complaint; rather, they are clearly intended as evidence to support specific factual allegations by plaintiffs. They are not "written instruments" and thus are not the types of exhibit contemplated by Rule 10 as proper attachments to a pleading.[6] Accordingly, the exhibits are immaterial, and the Court orders them stricken for that reason.[7]

### III.    Motion to Designate Topeka as the Place of Trial

---

[6]The Court does not foreclose the possibility that a photograph could have such declarative value, and could properly be admitted or denied as an allegation, such that its inclusion in a pleading would not be improper. The exhibits at issue here, however, do not meet that standard.

[7]Any amended complaints filed by plaintiffs in the future, including the amended complaint presently proposed for filing by plaintiffs, should not include such exhibits.

10

In initiating this suit, plaintiffs designated Kansas City as the place of trial. St. John's now asks the Court to change that designation to Topeka pursuant to D. Kan. Rule 40.2.

D. Kan. Rule 40.2(e) provides:

> The court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion.

The parties have agreed that the following standards, set forth by this Court in a previous case, govern the resolution of the instant motion:

> In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a).
>
> . . . This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness. The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.
>
> The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.

*Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1-2 (D. Kan. Apr. 20, 2009) (Lungstrum, J.) (citations and footnote omitted).

The Court concludes that St. John's has not met its burden to justify a transfer to Topeka. First, although the Court's deference to plaintiffs' choice of forum is lessened

11

by the fact that they do not reside in Kansas, plaintiffs' designation of Kansas City as the place of trial remains at least a factor to be considered. *See id.* at *2. Second, although Topeka is closer to Salina, where St. John's is located and where plaintiffs' claims arose, the presence of a large airport makes Kansas City a more convenient forum for plaintiffs, who must travel to Kansas. Thus, although Topeka might be marginally more convenient for St. John's and its witnesses, that factor is at least counter-balanced by the loss in convenience to plaintiffs and other witnesses residing outside the state, such as former students of St. John's, plaintiffs' physicians, and other potential expert witnesses, that would occur with a transfer to Topeka.

St. John's has not shown that witnesses or other sources of proof would be any more accessible if the trial were moved to Topeka; thus, the third factor does not weigh in favor of transfer here. With respect to the fourth factor, St. John's has in other proceedings in this case raised the specter of an unfair trial resulting from media coverage. Thus, to the extent that this factor bears any weight in this case, it weighs in favor of keeping the trial a *greater* distance from Salina. Fifth, the fact that counsel both for St. John's and for plaintiffs have their offices in the Kansas City area weighs against the requested transfer.

In summary, a consideration of the applicable factors does not favor the requested change of the place of trial from Kansas City to Topeka. For that reason, the motion by St. John's is denied.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendant St. John's Military School to dismiss the claims against it or alternatively to compel arbitration of those claims (Doc. # 19) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the motion by defendant St. John's Military School to strike the exhibits attached to plaintiffs' amended complaint (Doc. # 21) is **granted**. The Clerk of Court shall strike those exhibits from the record of the case.

IT IS FURTHER ORDERED BY THE COURT THAT the motion by defendant St. John's Military School to designate Topeka as the place of trial (Doc. # 31) is **denied**.

IT IS SO ORDERED.

Dated this 26th day of June, 2010, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge