## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, as Parent )
and Next Friend of minor K.N., *et al.* )
  )
             Plaintiffs, )
  )
vs. )    Case No. 12-cv-2132-JWL-KGG
  )
ST. JOHN'S MILITARY SCHOOL, *et al.*, )
  )
             Defendants. )
_____ )

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO
## AMEND TO FILE SECOND AMENDED COMPLAINT

This case is before the Court on Plaintiffs' motion for leave to file a Second

Amended Complaint to add four additional Plaintiffs as well as two new causes of

action.  (Doc. 63.)  Having reviewed the filings of the parties, the motion is

**GRANTED in part**[1] and **DENIED in part**.

### BACKGROUND

Defendant St. John's Military School is a private boarding school for

minors.  In this action, a number of former students claim damages for personal

injuries suffered as a result of alleged physical and mental abuse by other students.

---

[1] Defendant does not object to Plaintiffs' request to add four newly identified
Plaintiffs.  This portion of Plaintiffs' motion is, therefore, **GRANTED** as uncontested.

Plaintiffs claim that in some instances the acts were performed at the direction or under the observation of school employees.  Plaintiffs allege negligent supervision, intentional failure to supervise, intentional infliction of emotional distress or outrage, negligent infliction of emotional distress, breach of fiduciary duty (alleging failure to discharge *loco parentis* responsibilities), and civil conspiracy of assault and battery.  The allegations of abuse are generally and specifically denied by Defendants.

## DISCUSSION

**A.     Standard of Review**.

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a

claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller

& Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). Defendants

argue that Plaintiffs' two proposed causes of action are futile. Thus, the Court

must determine whether they could withstand a motion to dismiss.

In light of two recent Supreme Court cases, the Tenth Circuit has restated the

standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now

looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal
> principles involving motions to dismiss, we review de novo a
> district court's denial of a motion to dismiss a complaint under
> Federal Rule of Civil Procedure 12(b)(6) for failure to state a
> claim. *See Dias v. City and County of Denver*, 567 F.3d 1169,
> 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092
> (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210,
> 1215 (2007). 'We assume the truth of all well-pleaded facts in
> the complaint, and draw reasonable inferences therefrom in the
> light most favorable to the plaintiff[ ].' *Dias*, 567 F.3d at 1178
> (alteration added). This assumption, however, is inapplicable
> when the complaint relies on a recital of the elements of a cause
> of action supported by mere conclusory statements. *See
> Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173
> L.Ed.2d 868 (2009).
>
> *   *   *   *
>
> In reviewing a motion to dismiss, it is important to
> note 'Federal Rule of Civil Procedure 8(a)(2) provides
> that a complaint must contain 'a short and plain statement
> of the claim showing that the pleader is entitled to
> relief.'' *Robbins v. Oklahoma*, 519 F.3d 1242, 1246
> (10th Cir.2008). In the past, we 'generally embraced a

liberal construction of [this] pleading requirement,' and held 'a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings....' *Id.* However, the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'' *Id.* at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, '[f]actual allegations must be enough to raise a right to relief above the speculative level,' *Twombly*, 550 U.S. at 555, so that '[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' *Robbins*, 519 F.3d at 1247. Under this standard, 'a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.' *Smith*, 561 F.3d at 1098. Therefore, a plaintiff must 'frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.' *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).

On the other hand, we have also held 'granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.' *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). 'Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' ' *Id. (quoting Twombly,* 550 U.S. at 556).

In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for

4

> assessing whether it is legally sufficient to state a claim
> for which relief may be granted.

*Phillips v. Bell*, No. 08-1042, 2010 WL 517629, * 3, 4 (10th Cir., 2010).  The

burden is on Defendant to establish the futility of Plaintiffs' proposed amendment.

*Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D.

Kan. May 12, 2006).

    As stated above, Defendant argues that the proposed amendment is futile

because 1) potential Defendant Andrew England is statutorily immune from the

proposed claims and 2) an independent tort for spoliation of evidence is not

recognized by Kansas law.  (*See generally* Doc. 65.)  The Court will address both

issues in turn.

**B.    Statutory Immunity**.

    Plaintiffs seek to add a causes of action for failure to supervise and breach of

fiduciary duty against potential Defendant Andrew England, President of

Defendant St. John's Military School.  (Doc. 63-1, at 28-29, 32-33.)  Plaintiffs

allege that England intentionally failed to supervise and "control the conduct" of

students at the school.  (*Id*.)

    Defendants argue the proposed causes of action against England are futile

because he has immunity under the Coverdell Teacher Protection Act of 2001, 20

U.S.C. § 6731, *et seq*.  (Doc. 65, at 4-8.)  The Act provides immunity for teachers

5

who, in acting within the scope of his/her employment or responsibilities, acts "in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school."  20 U.S.C. § 6736(a).

Plaintiffs do not contest the fact that St. John's is a "school" or that England is a "teacher" as those terms are defined by the Act.  20 U.S.C. §§ 6736(4), (6).  Rather, Plaintiffs argue that the Act does "not apply to harm caused by 'willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed.'"  (Doc. 71, at 2.)  The Court acknowledges that this is a specifically-stated exception to immunity under the Act.

The Court does not agree, however, that Plaintiffs' proposed Amended Complaint contains sufficient factual allegations to plausibly support a claim for willful, criminal, grossly negligent, reckless, or flagrantly indifferent behavior by the proposed Defendant.  In the proposed Amended Complaint, Plaintiffs allege that England "was aware of the dangerous propensities" of some of the students at St. John's.  (Doc. 63-1, at 28.)  Plaintiffs further allege that England "affirmatively represented to C.D.'s mother that he would protect C.D. and he would not be harmed.  Instead of protecting him, the same night as he made the representation, C.D. was taken, held down and branded against his will."  (*Id.*, at 29, 32.)

6

As stated previously, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556).  The facts contained in Plaintiffs' proposed Amended Complaint relating to the potential claims against England do not meet this threshold.  Thus,  Plaintiffs' motion to amend is **DENIED** in regard to the proposed claims against Andrew England.

**C.**     **Spoliation**.

Plaintiffs have proposed adding an additional cause of action – the tort of spoliation of evidence. (*See* Doc. 63-1, at 34-35.)  The factual allegations contained in Plaintiffs' proposed Amended Complaint state that Defendants had a "duty to preserve all evidence" related to the lawsuit but "affirmatively told individuals to destroy relevant evidence."  (*Id*., at 24.)  Further, Plaintiffs allege that "[e]ven after ordering the information be destroyed," Defendants "intentionally took possession of third party phones and deleted information off of the phones that were [sic] relevant to the lawsuit."  (*Id*.)  Plaintiffs allege that "[d]estruction of first hand video and pictures related to the abuse of the Plaintiffs will make it more difficult for Plaintiffs to prove their lawsuit."  (*Id*.)

Defendant correctly states that an independent cause of action for spoliation has not been specifically recognized under Kansas law.  (Doc. 65, at 8-9.)  As such,

Defendant argues that this amendment should be denied as futile.  (*Id.*)

The Kansas Supreme Court most recently addressed this issue in ***Superior Boiler Works, Inc. v. Kimball, et al.***, 292 Kan. 885, 259 P.3d 676 (2011).  The Court in ***Superior Boiler Works*** analyzed the prior Kansas Supreme Court decision of ***Koplin v. Rosel Well Perforators, Inc***., 241 Kan. 206, 734 P.2d 1177 (1987).  In rejecting a spoliation cause of action, ***Koplin*** quoted a dissenting opinion from a Florida appellate court decision, which stated that recognizing an independent tort for spoliation

> runs counter to the basic principle that there is no cognizable independent action for perjury, or for any improper conduct even by a witness, much less by a party, in an existing lawsuit.  Were the rule otherwise, every case would be subject to constant retrials in the guise of independent actions.

734 P.2d at 1183 (*quoting* ***Bondu v. Gurvich***, 473 So.2d 1307, 1313-1314 (Fla. Dist. Ct. App. 1984) (internal citation omitted) (Schwartz, dissenting).

The ***Koplin*** Court also enumerated the following reasons for rejecting the tort:

> (1)  'the generation of endless litigation (as recognized by Chief Judge Schwartz in ***Bondu***)';
>
> (2)  'inconsistency with the intent of the workers' compensation laws';
>
> (3)  'rank speculation as to whether the plaintiff could

have ever recovered in the underlying action and,
if so, the speculative nature of the damages';

(4)    'the limitless scope of the new duty which would
be created'; and

(5)    'the unwarranted intrusion on the property rights
of a person who lawfully disposes of his own
property.'

*Superior Boiler Works*, 259 P.3d at 683 (*quoting Koplin*, 734 P.2d at 1183).

Thereafter, the *Koplin* Court specifically held "that absent some independent tort,

contract, agreement, voluntary assumption of duty, or special relationship of the

parties, the new tort of 'the intentional interference with a prospective civil action

by spoliation of evidence' should not be recognized in Kansas."  734 P.3d at 1183.

*Koplin* did *not*, however, involve the situation – present in the matter before the

Court – in which "defendants or potential defendants in the underlying case

destroyed the evidence to their own advantage."  *Id*., at 1182.

The court in *Superior Boiler Works* was also not presented with that

scenario.  In that case, "the spoliation claim . . . [was] made by a defendant in the

underlying suit against a potential codefendant in the underlying suit."  259 P.3d at

686.  Although not recognizing a cause of action for spoliation, that decision was

also narrowly tailored to apply only to potential "claims by a defendant against

codefendants or potential codefendants, including potential indemnitors under a

9

theory of comparative implied indemnification." *Id*., at 690.

Plaintiffs in the present matter advance the Kansas District Court case of **Foster v. Lawrence Memorial Hospital**, which held that "the Supreme Court of Kansas would recognize the tort of spoliation under *some circumstances*," 809 F.Supp. 831, 838 (D. Kan. 1992) (emphasis in original), particularly where a special relationship exists between the parties. (Doc. 71, at 3-4.) Plaintiffs contend that the "special relationship," and resulting duty, present in **Foster** emanated from a "physicians [sic] requirement to maintain medical records . . . ." (Doc. 71, at 4.) Plaintiffs argue that Defendant St. John's duty in the present case "was created a number of ways":

> First, counsel for St. John's affirmatively represented to the Court that St. John's was informed not to destroy any evidence that could lead to the discovery of admissible evidence, thus it affirmatively assumed the duty. Additionally, as a private boarding school, a special relationship exists between Plaintiffs and St. John's and St. John's owed Plaintiffs a duty to protect the evidence that could be used in this litigation.

(*Id*., at 6.)

The Court is not persuaded by Plaintiffs' arguments. First, parties to litigation are routinely "informed not to destroy any evidence." Acknowledging awareness of this is not, in and of itself, sufficient to establish the kind of duty necessary to create an independent cause of action for spoliation. If it was, the

10

cause of action would be available to virtually all litigants.  Second, Plaintiffs do not elaborate as to what "special relationship" exists between the parties as a result of Defendant being a "private boarding school" or how such a relationship relates in any way to a duty to protect evidence.  Plaintiffs' statement is entirely conclusory.

Even without proper discussion by Plaintiffs, it is obvious to the Court that Defendant, as a private boarding school, unquestionably has a "special relationship" with its students.  That relationship also creates a duty (typically established by state or federal statute or regulation) for Defendant to maintain certain documents and information relating to the education and/or well-being of its students.   That legal duty to maintain certain information regarding its students is , however, thoroughly irrelevant to the information at issue here – photographs or video footage taken and stored on the cell phones of other students.

In reaching this conclusion, the Court is not condoning the alleged behavior.

> 'No one doubts that the intentional destruction of evidence should be condemned.  Destroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action.  Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both.  That alone, however, is not enough to justify creating tort liability for such conduct.'

11

*Superior Boiler Works*, 259 P.3d at 688-689 (citing *Cedars-Sinai Medical Center*, 954 P.2d 511 (1998)).  This reasoning is equally sound under the circumstances presented by the parties.

Furthermore, the addition of this claim in the present case would not be logically useful.  Presumably the required injury element of a spoliation tort  would be the loss of the primary claim caused by a failure of proof because of the destroyed evidence. However, if the Plaintiffs fail to prove the existence and content of alleged destroyed evidence, thus losing their primary claim, the proof of the spoliation tort would also fail.  If the existence and content of the destroyed evidence was proved, as would be required for the spoliation tort, its proof would be equally availing for the primary claim, thus no injury would result from the spoliation.

Rather than recognizing an entirely new cause of action, the Court finds that a jury instruction regarding spoliation of evidence (and the resulting inferences to be drawn against the party allegedly destroying the evidence) would adequately redress any damage to Plaintiffs should the District Court find it appropriate for trial.  *See generally Oldenkamp v. United American Ins. Co.*, 619 F.3d 1243 (10th Cir. 2010).  Thus,  Plaintiffs' motion to amend is **DENIED** in regard to an independent cause of action for spoliation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion (Doc. 63) is **GRANTED** in regard to the addition of four Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED** in regard to the inclusion of causes of action against potential Defendant Andrew England as well as an independent cause of action for spoliation.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2012, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE