## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| YOLANDA NKEMAKOLAM, as Parent and Next Friend of minor K.N., *et al*. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 12-cv-2132-JWL-KGG |
| ST. JOHN'S MILITARY SCHOOL, *et al*., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## MEMORANDUM ON PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

This case is before the Court on Plaintiff's motion requesting an Order compelling Defendant to produce certain documents and respond to interrogatories. (Doc. 95.)  After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth below.

## BACKGROUND

Defendant St. John's Military School is a private boarding school for minors.  In this action, a number of former students claim damages for personal injuries suffered as a result of alleged physical and mental abuse by other students. The alleged physical abuse includes the infliction of brands being burned into the skin of certain students, students being stricken or swatted with sabers, and

"blanket parties" (placing blankets over students who are then beaten).  (Doc. 96, at 2.) Plaintiffs claim that in some instances the acts were performed at the direction or under the observation of school employees.  Plaintiffs allege negligent supervision, intentional failure to supervise, intentional infliction of emotional distress or outrage, negligent infliction of emotional distress, breach of fiduciary duty (alleging failure to discharge *loco parentis* responsibilities), and civil conspiracy of assault and battery.  The allegations of abuse are generally and specifically denied by Defendants.

Plaintiff brings the present Motion to Compel (Doc. 95), challenging objections Defendant raised in response to Plaintiff's Interrogatories Nos. 2, 4, 12, and 17, and Requests for Production Nos. 3, 7, 8, 10, 12-14, 26-29, 32-34, and 41. The requests have been grouped into three categories by Plaintiff's counsel for analytical purposes: 1) Prior Similar Incidents; 2) Internal Documents; and 3) Financial Information.

## DISCUSSION

A.    **Standards on Motions to Compel**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See Swackhammer*

*v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that

the party resisting a discovery request based on overbreadth, vagueness, ambiguity,

or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has

failed to specify how the information is relevant, the Court will not require the

respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649

(D.Kan.1995).

**B.      General Relevance**.

        Defendant argues that the "relevancy of the discovery sought by Plaintiff is

not readily apparent."  (Doc. 99, at 2.)  Defendant contends that Plaintiffs' requests

for educational and medical records of current or former students "unrelated to the

alleged abuse" and who "are not parties to this action" seek information "unrelated

to the abuse at issue and are therefore irrelevant."  (Doc. 99, at 3, 6.)

        Plaintiff argues that Defendant "has a legal duty to supervise, protect, and

ensure the safety of cadets accepted to attend the school."  (Doc. 96, at 8.)  Thus,

according to Plaintiff, the information sought is "directly relevant to prove that St.

John's was on notice that a pattern of abuse was taking place, and regardless of

such notice, failed to implement sufficient measures to protect students, including

Plaintiffs."  (*Id*.)  Plaintiff continues that the information requested (other than

Defendant's financial information sought) "get[s] to the heart of Plaintiffs' claim that St. John's has a culture and patterned history of abuse of which it is aware." (*Id.*, at 11.)  The Court agrees that, in general, the information requested is relevant to Plaintiffs' allegations.

Defendant relies on the case of ***C.T. v. Liberal School Dist., et al.***, Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 394217 (D. Kan. Feb. 11, 2008) to argue that Plaintiffs' requests are improper.  ***C.T.*** involved allegations of sexual harassment and abuse against students.  Although this case is applicable to the facts currently at issue, the Court finds Defendant's reliance on the case to be misplaced.

The language upon which Defendant relies is that

> [a]n individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit.

*Id.*, at *3.  Unfortunately for Defendant, this language is from a civil rights employment law case cited by the ***C.T.*** court.  While somewhat analogous, the Court does not find this language to be dispositive of, nor particularly helpful to, the facts at hand.

5

In *C.T.*, the plaintiffs were minor students attending public school in Liberal, Kansas. They allege to have been the victims of sexual harassment and abuse. *Id.*, at *1. The plaintiffs requested the files of 24 particular former students as well as the personnel file of a non-defendant employee of the school district. Defendants objected on the grounds of relevancy, privacy, and because the students involved were not parties to the lawsuit. *Id.*, at 3. The *C.T.* court stated that "[t]he fact that a person is not a party in litigation is not dispositive of whether documents are relevant to the controversy at hand or likely to lead to the discovery of admissible evidence." *Id.* The court found that plaintiffs had failed to indicate how the students at issue may have been involved in the events at issue in that lawsuit. *Id.*, at 4.

The Court finds that the situation in *C.T.* is distinguishable. Plaintiffs in the present action have not requested information on specifically named, particular students who may or may not have been involved in the events at issue. In other words, the evidence sought in *C.T.* related to specific people plaintiffs claimed, but could not show, were potential witnesses. In many of the discovery requests at issue in the present matter, Plaintiffs have sought information regarding other, as yet unnamed, students who have lodged similar complaints against the school or about whom records of abuse exist.

6

The Court generally finds that such requests are relevant on their face as to the issue of Defendant's notice of the general environment, and tradition of allowing upper-classmen to mete out punishment, about which Plaintiff's complain.  Thus, information regarding the school's knowledge of similar acts which occurred before any of the alleged injuries to the Plaintiffs is particularly relevant.

**C.     Educational and Medical Records**.

One of the ways Defendant attempts to support its "burdensomeness" objection is by relying on the Family Educational Rights and Privacy Act ("FERPA").  FERPA contains certain non-disclosure provisions that prohibit federal funding of educational institutions which, through policy or practice, release educational records to unauthorized persons.  ***Gonzaga Univ. v. Doe***, 536 U.S. 273, 276-77, 122 S. Ct. 2268, 153 L.ED.2d 309 (2002).  Defendant argues that the discovery requests at issue "are unduly burdensome in that providing responsive information or documents . . . would put [Defendant] in jeopardy of losing the federal funding it receives because of the conditions placed on the receipt of such federal funding" by FERPA.  (Doc. 99, at 16.)

The Court finds Defendant's argument to be somewhat misplaced.  FERPA does not create a privilege that allows an educational institution to refuse to

disclose student information; rather, it "recognizes an important privacy interest for students." ***Brown v. University of Kansas***, 10-2606-EFM-KGG, 2012 WL 612512, at *1 (D. Kan. Feb. 27, 2012).  Even the case cited by Defendant rejects this argument.  In ***C.T. v. Liberal School Dist.***, *supra*, the stated that "educational records may be disclosed without running afoul of FERPA so long as the school district notifies the parent or student of the disclosure and a protective order restricts the use of such information to this litigation only."  2008 WL 394217, at *4.  Further, ***C.T.*** stated that such information can be provided without the written authorization from the student or a parent required by § 99.30 "if the disclosure is to comply with a judicial order or lawfully issued subpoena." ***Id***.

The Court notes Plaintiffs' offer to alleviate Defendant's "concerns . . . by simply providing notice to the individuals and revision of language in the protective order, which Plaintiffs are willing to include, if deemed necessary." (Doc. 104, at 3.)  The Court finds this to be sufficient and appropriate.

In regard to those categories of information where FERPA is implicated, the Court will delay compliance with this order for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.  To the extent Defendant would like additional language to be contained in the current Protective Order restricting the use of these

8

documents to this litigation only, Defendant is instructed to provide such proposed language to Plaintiffs within **14 days** of this Order.

Defendant raises similar concerns regarding the production of medical records.  (*See* Doc. 99, at 10-12.)  Defendant cites both the Kansas Physician-Patient Privilege, K.S.A. § 60-427 and the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §§ 160, 162, 164.  The Court finds these arguments to be disingenuous as such documents may be produced in compliance with a court order.

**D.    Discovery Requests at Issue**.

With these general parameters in place, the Court will address the various discovery requests at issue.  Each will be discussed in turn.

**1.    Interrogatory 2.**

Plaintiff has requested information regarding all civil actions in which Defendant St. John's was named as a defendant in the last 10 years.  Defendant contends the request its overbroad and burdensome because its not limited as to topic and asks for documents that are public.  The Court holds that the request seeks relevant information to the extent such information is limited to lawsuits claiming injuries to students inflicted by other students.

**2.    Interrogatory 4.**

This interrogatory asks Defendant to identify every individual in the last 5 years who was branded while attending St. John's.  Defendant objects that the request is overly broad and unduly burdensome.  Defendant contends that it must search over a thousand student records to respond.  The Court finds Defendant's position borders on the absurd.  The Court cannot fathom that Defendant does not have information readily available regarding which students have been *branded* during the past 5 years.  Regardless, the information is relevant and discoverable. Defendant's objections are overruled.  The Court will delay compliance for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.

  **3. Interrogatory 12**.

This interrogatory asks Defendant to identify every individual who complained either orally or in writing to St. John's that "he or his/her child was beaten . . . by any faculty or student at St. John's . . . ." A review of Plaintiffs' Amended Complaint (Doc. 14) reveals no allegations of abuse or harassment by faculty.  As such, this portion of Plaintiffs' Interrogatory No. 12 is irrelevant. Defendant's response shall be limited to complaints of student-on-student abuse. Plaintiff has also failed to limit this interrogatory temporally.  The Court will limit the relevant time period for Defendant's response to the period of 5 years before

the first alleged abuse and 2 years after last alleged abuse.  Compliance will be delayed for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.

####    4.    Interrogatory number 17.

The dispute regarding this particular interrogatory goes to whether Defendant's answer was sufficiently responsive.  (Doc. 96, at 5.)  The interrogatory asks, in part, for "how many times a student has been expelled for such abuse or a faculty member has been reprimanded or relieved of their duty."  Defendant responds that "since the 2001-2002 school year it has dismissed 96 students for various infractions which may include hazing or inappropriate conduct between students."  The Court agrees that this is nonresponsive.  This is a simple request that asks for a basic number.  Defendant is capable of reviewing information regarding those 96 students and providing a specific response.  To the extent this interrogatory seeks information about faculty abuse, such information is irrelevant to the allegations contained in Plaintiff's Amended Complaint.

####    5.    Request for Production No. 3.

This document request seeks information "related to any prior lawsuits filed on behalf of students or representatives" against Defendant.  Defendant raises objections including that the request is overly broad, unduly burdensome, and not

temporally limited.  The Court **sustains** these objections and limits Defendant's response to such lawsuits filed during the past 10 years involving allegations of student-on-student abuse, hazing, or similar matters.

Defendant also objects that responding would require Defendant "to violate prior confidential settlement agreements."  Courts in this District have chosen not to recognize a federal settlement privilege.  *Heartland Surgical Specialty Hosp. LLC v. Midwest Div., Inc*., No. 06-2164-MLB-DWB, 2007 WL 1246216, at *3-5 (D. Kan. April 27, 2007).  Further, Defendant "can retain a certain degree of confidentiality over such agreements through the protective order in this case."  *Id*., at 4.  Defendant's objection is **overruled**.  Defendant's response shall be limited to such actions as are responsive to Interrogatory No. 2.   Further, Defendant need not provide information that constitutes settlement communications or discussions as there is a distinction between "negotiations, as compared to an actual settlement agreement . . . ."  *Id*, at 5.  Because Defendant's objections, although overruled, are substantive and not boilerplate, and my have included the appropriateness of even identifying documents in a privilege log, the Court will not find waiver for lack of a privilege log.  To the extent that certain documents implicate the attorney-client privilege or work product doctrine, Defendant is instructed to provide an appropriate privilege log to Plaintiff within **thirty (30) days** of the date of this

Order.

**6.      Requests for Production Nos. 7, 8**.

In Request No. 7, Plaintiff seeks complaints or statements made by former or current students regarding abuse, harassment or hazing over the past five years. Request No. 8 seeks information documenting "incidences of abuse, hazing or harassment of any students enrolled at St. John's over the last five (5) years." Defendant raises standard, boilerplate objections including that the requests are overly broad, unduly burdensome, and vague.  The Court does not agree.  The request is straightforward and appropriately limited to five years.  Plaintiff's motion is **GRANTED** in regard to this request.  Defendant also objects as to the attorney-client privilege and work product doctrine.  To the extent any such documents were properly and adequately identified in a timely-provided privilege log, the Court will not require their production.  Otherwise, any such objections have been waived by Defendant.  The Court will delay compliance for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.

**7.      Request for Production No. 10**.

This request seeks documents "identifying, supporting or evidencing St. John's faculty or staff performing bruise checks over past 5 years."  Defendant

13

again raises standard objections, including those based on overbreadth and relevance as well as the privacy of students not parties to this action. The Court agrees that the request is overly broad on its face in the sense that it would potentially encompass all sorts of private and irrelevant information relating to any number of students whose bruises had nothing to do with student-on-student abuse. Defendants objections are, therefore, **sustained**, and Plaintiff's motion is **DENIED**, as to Request No. 10.

        **8.**      **Request for Production No. 12**.

Document request No. 12 seeks police reports "related to student abuse or hazing or any other criminal actions" that occurred at St. Johns over the past 5 years. Defendant's objections include overbreadth, burdensomeness, and relevance. Defendant also objects that the request implicates information that would "infringe on the privacy and confidentiality rights" of non-parties while also seeking public information equally available to Plaintiffs. The Court is at a loss to see how production of matters of public record could also infringe on students' privacy rights. The Court finds that police records in Defendant's possession regarding complaints of student-on-student abuse or hazing are neither irrelevant, overly broad, nor unduly burdensome. Plaintiff's motion is **GRANTED** in regard. The Court is not convinced that the production of this information would implicate

FERPA.  Out of an abundance of caution, however, compliance will be delayed for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.  Information requested regarding "other criminal actions" that have nothing to do with student-on-student abuse is not relevant.  Defendant's objections are **sustained** regarding such documents.

### 9.     Request for Production No. 13.

This request applies to documents "regarding, identifying, pertinent to or suggesting" complaints of physical abuse by any student over the past 5 years. Included in Defendant's objections is that the request is vague and ambiguous. The Court agrees that Plaintiffs' use of the term "suggesting" complaints is vague. This portion of Defendant's objections is **sustained**.  Further, because Plaintiffs' Amended Complaint is limited to allegations of student-student activity, Defendant's response will be limited to complaints of student-on-student physical abuse only.  The Court will delay compliance for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.

### 10.     Request for Production No. 14.

The next request at issue seeks "[a]ll photographs or videos, including

surveillance videos, identifying student abuse, hazing or harassment." Defendant again objects regarding breadth, burdensomeness, vagueness and relevance, while stating it "would inherently infringe on the privacy and confidentiality rights of individuals who are not a party to this litigation." The Court finds that the document request is straightforward and implicates information directly at issue in this lawsuit. Plaintiff's motion is therefore **GRANTED** to the extent the request is limited to student-on-student abuse, hazing or harassment that has occurred during the past five years. Further, the Court is satisfied that the protective order in place provides adequate protection to non-parties. Even so, the Court will delay compliance for a period **sixty (60) days** to allow Defendant to both locate such information and provide the proper notice to the effected students/parents.

### 11.    Request For Production No. 26.

Request No. 26 seeks "[a]ll duty log books" from the past five years. Defendant's objections include that the request is overly broad. The Court agrees that the request is overly broad on its face. Plaintiffs have not adequately rebutted the objection in their motion or reply. Defendant's objection is **sustained** and Plaintiffs' motion is **DENIED** in regard to Request No. 26.

### 12.    Request for Production No. 27.

This request asks for "[a]ll bruise inspection logs" maintained over the past

16

five years.  Defendant raises numerous objections, including that the request is over broad. The Court agrees and **sustains** this objection.  The request, as worded, would implicate information far beyond the bounds of what is relevant to this lawsuit.  On balance, considering the tenuous relevance of the information requested, production of these documents would also equate to an unreasonable infringement on the privacy rights of the nonparties implicated.  Plaintiffs' motion is **DENIED** in regard to Request No. 27.

### 13.   Request for Production No. 28.

The next request at issue seeks "internal reports or memorandum regarding complaints of abuse over the past 5 years."  The Court finds that Defendant has not adequately supported its objections regarding overbreadth, burdensomeness, timeliness, and relevance.  To the contrary, the request is straightforward and relevant on its face.  Defendant also objects as to the attorney-client privilege and work product doctrine.  To the extent any such documents were properly and adequately identified in a timely-provided privilege log, the Court will not require their production.  Otherwise, any such objections have been waived by Defendant.  Plaintiffs' motion is **GRANTED** in regard to Request No. 28 insofar as the request relates to student-on-student abuse.  The Court will delay compliance for a period **sixty (60) days** to allow Defendant to both locate such information and provide the

proper notice to the effected students/parents.

### 14. Request for Production No. 29.

Next, Plaintiff requested "[n]urse assessment reports related to student injuries over the last 5 years."  Defendant again objects as to overbreadth, burdensomeness, timeliness, and relevance, while raising the privacy and confidentiality rights of nonparty students.  Defendant previously produced the relevant records regarding each Plaintiff.  The Court finds that the request, as written, is overly broad on its face.  Even if the Court shifted the costs of this production onto Plaintiffs and allowed them to hire someone to examine these records for incidents of abuse (which Plaintiffs have not proposed), such a search process would unreasonably invade the privacy of nonparty students and implicate information unrelated to student-on-student abuse.   Plaintiffs' motion is **DENIED** in regard to Request No. 29.

### 15. Requests for Production Nos. 32, 33, and 34.

This grouping of document requests concern the timing of discovery of financial information relating to Plaintiffs' claim for punitive damages.  Defendant contends that the production of such information, if discoverable, is premature. The Court agrees that the approach taken in ***Heartland Surgical Specialty Hosp. v. Midwest Div., Inc***., cited in Defendant's brief (Doc. 99, at 20-23), is sensible.  No.

05-2164, 2007 WL 950282 (D.Kan. March 26, 2007).  The Court therefore

**GRANTS** Plaintiff's motion regarding Requests Nos. 32, 33, and 34, but defers

production by Defendant until 15 days after rulings on dispositive motions (if the

rulings do not eliminate the punitive damages cause of action) or 15 days after the

deadline to file dispositive motions has passed, if no such motions are filed.

**E.      Sanctions**.

Finally, Plaintiff argues that sanctions are in order "in light of the continued

spurious objections and delay tactics used by Defendant."  (Doc. 96, at 16.)

Fed.R.Civ.P. 37(a)(5) states that if a motion to compel is granted, "the court must .

. . require the party or deponent whose conduct necessitated the motion, the party

or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees."  Further, "the court must

not order payment" when the nonmovant's conduct was "substantially justified . . .

."  The Court finds that the issues between the parties were, for the most part,

reasonable, thus substantially justified.  Because the Court has granted portions of

Plaintiff's motion while denying others, sanctions will not be appropriate.  This

portion of Plaintiff's motion is **DENIED**.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and for

Sanctions (Doc. 95) is **GRANTED in part** and **DENIED in part** as more fully set forth above.  Supplemental responses shall be provided by Defendant on or before **January 18, 2013**, expect for those instances in which the Court has specifically allowed Defendant **60 (sixty) days** to provide the supplemental responses in order to comply with the notice requirements of FERPA; such responses shall be do on or before **February 19, 2013**.

Dated at Wichita, Kansas, on this 18th day of December, 2012.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge