IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, as Parent )
and Next Friend of minor K.N., *et al*. )
)
               Plaintiff, )
)
vs. )   Case No. 12-cv-2132-JWL-KGG
)
ST. JOHN'S MILITARY SCHOOL, *et al*., )
)
              Defendants. )
_____ )

## ORDER ON DEFENDANT'S MOTION FOR
## FINDING OF VIOLATION OF PROTECTIVE ORDER

This case is before the Court on Defendant St. John's Military School's "Motion for Finding of Violation of Protective Order" (Doc. 179). Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

## BACKGROUND

Defendant St. John's Military School is a private boarding school for minors. In this action, a number of former students claim damages for personal injuries suffered as a result of alleged physical and mental abuse by other students. Plaintiffs claim that in some instances the acts were performed at the direction or under the observation of school employees. Plaintiffs allege negligent supervision,

intentional failure to supervise, intentional infliction of emotional distress or outrage, negligent infliction of emotional distress, breach of fiduciary duty (alleging failure to discharge *loco parentis* responsibilities), and civil conspiracy of assault and battery. The allegations of abuse are generally and specifically denied by Defendants.

Early in this litigation, Defendants moved for "gag order," asking the Court to bar counsel, parties, and witnesses from any "public communication and/or extrajudicial commentary" regarding the lawsuit or the allegations or predicate events. (Doc. 4). Defendants cited as concerns articles from the press, some of which allegedly cited comments or used interviews from Plaintiffs' counsel. Defendants expressed concern that the press coverage would compromise their ability to receive a fair trial. After a hearing on the issue, Judge Lungstrum denied the motion for a "gag order." (Doc. 13).

The undersigned Magistrate Judge did, however, grant, in part, Plaintiff's subsequent "Motion for Preliminary Injunction and Appointment of A Special Master," (Doc. 39), in which Plaintiffs asked the Court to take action to preserve all evidence, prohibit Defendants from deleting electronic data, and instruct the school to order its students not to delete information relating to the school on any electronic device. The Court The Court granted Plaintiffs' request to enter an

order prohibiting the destruction of electronic evidence but denied Plaintiffs' request for the appointment of an expert to examine and preserve electronic evidence at the expense of the Defendants. (Doc. 54.)

Additionally, Defendants filed a Motion for Interlocutory Protective Order (Doc. 50), asking the Court to enter a Protective Order limiting the dissemination of photographic and video information depicting students to the press. The Court held that the allegations raised in Defendants' motion were beyond the scope of the present case and not the proper subject of an order by this Court. Thus, Defendants' motion was denied. (Doc. 54.)

The Court did, however, subsequently enter a Protective Order (Doc. 68), which enumerated the following categories of documents that *may* be protected as confidential in this matter: medical records, personnel files, tax returns, financial statements and records, internal review processes or results of internal review processes, school records, photographs or video (including data) of minors, internal school and/or church documents, documents regarding minors, deposition transcripts that include testimony identifying minors or that otherwise involve testimony regarding confidential documents or other confidential issues, confidential investigative documents, and statements of minor witnesses. The Protective Order provided the procedure for designating and marking documents as

confidential, objecting to confidential designations, and limitations and restrictions on disseminating such information. (*Id.*) Defendant now moves the Court for a finding that Plaintiffs have violated the terms of the Protective Order. (Doc. 179.)

## DISCUSSION

**A.  Prior Settlement Agreement**.

Defendant initially complains about Plaintiff's reference to other lawsuits and/or settlement agreements in pleadings and media interviews. (Doc. 180, at 3-4.) There is no language in the Protective Order entered in this case that would even theoretically encompass settlement agreements entered in other lawsuits. Simply stated, this information, even assuming it is in any way "confidential," is not covered by the Protective Order in this case. Further, as Plaintiffs contend, "[t]he fact that numerous prior lawsuits exist is a matter of public record throughout the courts in which they were filed." (Doc. 191, at 2.) As such, Defendant's motion is **DENIED** in regard to the discussion of prior settlement agreements.

**B.  Exhibits to Response to Partial Motion for Summary Judgment**.

Defendant also argues that Plaintiffs improperly disseminated confidential documents by filing them, unsealed, as exhibits to Plaintiffs' memorandum in opposition to Defendant's Partial Motion for Summary Judgment. (Doc. 180, at 5-

9, hereinafter "summary judgment response.")  Each category of information will be addressed in turn.

1.  **List of other students who have complained**.

Defendant complains about ¶ 21 of Plaintiffs' summary judgment response, which states "St. John's disclosed a list of 339 current or former students that have complained (either orally or in writing) to St. John's of being beaten, hazed, harassed or abused over the past five years."  (Doc. 173, at 5; Doc. 180, at 5.)  From the Court's review, it appears that the actual list itself was filed under seal.  (*See* Doc. 172-1, Doc. 172-5.)  Defendant's complaint is in regard to Plaintiffs' general reference to the list and the number of complaining students contained therein.

Defendant points out that the Protective Order covers designated items and the confidential information "contained therein . . . ."  (Doc. 68, at 4-5; Doc. 180, at 6.)  Even so, the Court is not convinced that the fact that a certain number of students are listed as having made complaints during a certain time period is, in and of itself, confidential absent specific identification of those students.  For this reason, Defendant's motion is **DENIED** in regard to the reference made in ¶ 21 of Plaintiffs' summary judgment response.

2.  **Depositions**.

Defendant next contends that Plaintiffs violated the Protective Order by attaching excerpts from the depositions of John Koop, Danny Phillips, and Mark Giles as exhibits to Plaintiffs' summary judgment response. (Doc. 180, at 7-8; *see also* Docs. 173-3, 173-4, and 173-5.) Defendant contends that the deposition transcripts were "designated as confidential in [their] entirety pursuant to Paragraph 5 of the Protective Order." (Doc. 180, at 7.) That portion of the Protective Order states:

> *Portions of deposition transcripts that include testimony providing a minors identity or that otherwise involve testimony regarding confidential documents or other confidential issues may be designated "Confidential"* by informing the court reporter (and videographer, if applicable) at the time of the deposition and/or no later than twenty-one days after the transcript has been provided to counsel. The court reporter (and/or videographer) shall indicate that such designation was made and *shall stamp or mark the face of the transcript* (and/or videotape) accordingly.

(Doc. 68, at 3 (emphasis added).)

As this paragraph clearly states, "portions" of depositions may be marked as confidential, particularly those portions identifying minors or discussing confidential documents or issues. When a portion of a deposition transcript is designated "confidential," the front of the transcript will be stamped as such. There is nothing in the Protective Order enabling or contemplating that the entire

contents of a deposition will be designated as confidential. The Court notes that Plaintiffs proactively redacted names of minors in at least one of the deposition transcripts, in an effort to comply with ¶ 5 of the Protective Order. (Doc. 173-5, at 8, 11-16. 21, 24.)

Even so, Plaintiffs' recourse is not to merely ignore a confidential designation with which they do not agree. Rather, ¶ 7 of the Protective Order clearly describes the procedure for a party to object in writing to a confidential designation, which must be done within twenty-one (21) days after the designation at issue. As such, the depositions remain designated as confidential. Plaintiff's publication of them as publically-available exhibits in their summary judgment response was in violation of the Protective Order.

Defendant's motion is **GRANTED** in regard to the deposition transcripts at issue. Defendant's motion does not, however, specify the relief it is requesting. As such, the Court Orders that the Clerk immediately seal exhibits 173-3, 173-4, and 173-5.

### 3. Identification of individual accused of sexual abuse.

Another portion of a deposition transcript attached as an exhibit to Plaintiff's summary judgment response included testimony from Plaintiff Michael Kelly accusing a former St. John's cadet of being a sexual offender. (*See* Doc. 180, at 8-

9; Doc. 173-1 (Court only), at 6.)  The name of the accused cadet was not referenced in the motion itself, which Plaintiffs contend is evidence that the failure to redact the name in the exhibit was inadvertent.  (Doc. 191, at 6.)

The Protective Order includes a provision for inadvertent disclosure.  (Doc. 68, at 5, ¶ 11.)  "Upon discovering the error only when St. John's filed its motion, Plaintiff's counsel immediately contacted the Court and filed a redacted version of the transcript."  (Doc. 191, at 6.)  This is borne out by the fact that the redacted version was filed the day after Defendant filed the present motion.  (Doc. 173-6; Doc. 179.)

The Court agrees with Plaintiffs that "[c]ounsel for St. John's could have immediately contacted Plaintiff's counsel to request redaction upon discovering the error," rather than waiting to raise this issue in the present motion.  (Doc. 191, at 6.)  The Court finds Plaintiff's failure to redact this individual's name, while unfortunate, to be both inadvertent and rectified by the subsequent redaction and withdrawal of the initial exhibit.  Defendant's motion is **DENIED as moot** in regard to this document.

4. **Information allegedly "irrelevant" to Michael Kelly's claim**.

Finally, Defendant objects to an "approximately 30 pages of deposition testimony (designated confidential)" used to support ¶ 24 of Plaintiff's summary

8

judgment response.  (Doc. 180, at 9; Doc. 173, at 5; Doc. 173-4 (deposition of Danny Phillips); Doc. 173-5 (deposition of Mark Giles).)  Defendant argues that this "includes information that has nothing to do" with the underlying summary judgment motion because that motion related only to "a single count of the claim of Michael Kelly" and this deposition testimony is "wholly unrelated and irrelevant to [his] . . . claim . . . ."  (Doc. 180, at 9.)

Plaintiff responds that "the evidence provided is directly relevant to demonstrate the intent of St. John's in failing to supervise its students, and supports [Michael Kelly's] claims."  (Doc. 191, at 7.)  While not commenting on the admissibility of the underlying evidence, the Court does note its potential relevance to Plaintiff Kelly's claim.  Further, because the deposition transcripts are not confidential in their entirety, as discussed above – and because Defendant has failed to establish how or why the excerpted testimony at issue is confidential – the Court finds that there is no violation of the Protective Order.  Defendant's motion is **DENIED** in regard to the relevant portions of these deposition transcripts.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 179) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that the Clerk shall immediately seal

exhibits 173-3, 173-4, and 173-5.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2013, at Wichita, Kansas.

 S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE