# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, )
as Parent and Next Friend of K.N., )
*et al*., )
 )
      Plaintiffs, )
 ) Case No. 12-2132-JWL-KGG
v. )
 )
ST. JOHN'S MILITARY SCHOOL, )
 )
      Defendant. )
_____ )

## ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Second Motion to Compel (Doc. 244). Having reviewed the submissions of the parties and other filings in this case, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Defendant St. John's Military School is a private boarding school for minors. In this action, a number of former students claim damages for personal injuries suffered as a result of alleged physical and mental abuse by other students. Plaintiffs claim that in some instances the acts were performed at the direction or under the observation of school employees. Plaintiffs allege negligent supervision, intentional failure to supervise, intentional infliction of emotional distress or

outrage, negligent infliction of emotional distress, breach of fiduciary duty (alleging failure to discharge *loco parentis* responsibilities), and civil conspiracy of assault and battery. The allegations of abuse are generally and specifically denied by Defendant.

## DISCUSSION

**A.  Requests for Production Nos. 57 and 63**.

Plaintiffs seek an Order compelling Defendant to provide responses for the following discovery requests from Plaintiff's Third Set of Requests for Production: Request No. 57 regarding cadet files for certain listed students and Request No. 63, seeking all versions of Defendant's website since 2009. Defendant's responses were filed on March 15, 2013. (Doc. 167.) The present motion was not filed until almost six months later. (Doc. 244.)

As a procedural matter, Defendant argues that Plaintiffs failed to file this motion to compel in a timely manner, thus waiving the right to contest Defendant responses and objections to Plaintiff's discovery requests. (*See* Doc. 261, sealed, at 1-5.) According to the District of Kansas local rules,

> [a]ny motion to compel discovery . . . **must be filed and served within 30 days** of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. **Otherwise, the objection to the default, response, answer, or objection is waived**.

D. Kan. Rule 37.1(b) (emphasis added).  This language was also included in the Scheduling Order in this case.  (Doc. 57, at 4-5.)  "D. Kan. Rule 37.1(b) generally 'reflects that the triggering event is service of the response that is the subject of the motion.'" *Cotton v. Costco Wholesale Corp*., No. 12-2731-JW, 2013 WL 3819974, at *1 (D. Kan. July 24, 2013) (citing *Firestone v. Hawker Beechcraft Int'l Svs. Co.*, No. 10-1404-JWL, 2012 WL 359877, at * 4 (D.Kan. Feb. 2, 2012) (internal citation omitted)).

As stated above, Defendant's responses to Plaintiff's Third Set of Document Requests were served on March 15, 2013.  (Doc. 167.)  Pursuant to D. Kan. Rule 37.1(b), Plaintiff's time to file the relevant motion to compel ran on April 15, 2012 – some five months prior to the filing of the present motion.  Thus, the motion was not timely filed in regard to the Requests for Production 57 and 63.

Plaintiffs' motion does not provide the Court with a basis for finding "good cause" to extend the time to file the motion, pursuant to D. Kan. Rule 37.1(b).  In a footnote, Plaintiffs contend that

> [a]t the outset of discovery in this matter, the parties agreed to an open ended extension for filing Motions to Compel on discovery issues.  This is evidenced in multiple communications and filings.  First, this agreement was memorialized in email correspondence between counsel.  Attached as Exhibit A, is the communication. In it, all counsel was included and an agreement was struck that the 30 day deadline for

3

> motions to compel was extended. The parties never
> agreed upon a specific length of the extension so all
> parties have been operating under the understanding that
> local Rule 37.1's 30 day deadline is not applicable
> through agreement. This is further supported by
> language in Plaintiffs' first Motion to Compel (Doc. #
> 96) where Plaintiffs explained in footnote #1 (pg. 4) that
> "The parties stipulated to extending the 30 day deadline
> for motions to compel pursuant to Local Rule 37.1 for all
> parties." In its response, St. John's made no mention of
> disagreeing with this stipulation.

(Doc. 244-1, sealed, at n.1.)

Neither the Court nor Defendant interpret the parties communication to provide an "open ended extension" for filing all Motions to Compel in this case. Even assuming the parties agreed that they had jointly entered into this blanket suspension of Rule 37.1, this would be improper. The parties could not have suspended a District Court of Kansas Rule without an Order from the undersigned Magistrate Judge or the District Judge. The Court frequently honors short, one-time extensions agreed upon by the parties. However, where the parties disagree about the scope of an informal agreement, and when the agreement is for a <u>blanket suspension of a court rule</u>, a formal Order is required. The Court also has an interest in the timely filing of motions and will be the arbiter of whether deadlines will be suspended or extended in such an extreme manner.

Further, the timing of the present motion makes it ripe within a matter of

days of the Pretrial Conference of this matter, currently scheduled for October 8, 2013.  To grant such an untimely filed motion would threaten the entire remaining schedule of this litigation.  Plaintiffs has failed to provide the Court with a good faith basis to do so.  As such, Plaintiffs' motion (Doc. 244) is **DENIED** as untimely in regard to Requests for Production Nos. 57 and 63.

In addition, as to Request No. 63, Defendant has specifically indicated that it no longer possess or control this information.  "The court cannot compel that which does not exist." *Asia Strategic Inv. Alliances Ltd. v. General Elec. Cap. Servs., Inc*., No. 95-2479-GTV, 1997 WL 122568, at *6 (D. Kan. March 11, 1997).  This Order does not, however, prohibit Plaintiffs from filing a motion with the District Court requesting sanctions for, or a jury instruction regarding, the spoliation of evidence.

**B.    Request for Production No. 66**.

Request for Production No. 66 seeks "the student applications [Director of Admissions] Robert Forde testified to maintaining for every student that applied for admission to St. John's from 2010 to the present."  Defendant argues the request is overly broad on its face and that Plaintiffs "have failed to satisfy their burden" that this request is relevant.  (Doc. 261, sealed, at 5, 10-12.)

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any

5

matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity,

or undue burden/expense objections bears the burden to support the objections). Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan.1995).

The information sought in Request No. 66 is, on its face, not relevant. Plaintiffs have plead no causes of action that include claims that students were negligently admitted to the school. Plaintiffs' motion to compel this information is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiffs' Second Motion to Compel (Doc. 244) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2013.

                                        S/ KENNETH G. GALE
                                        Kenneth G. Gale
                                        United States Magistrate Judge