IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM,                    )
as Parent and Next Friend of K.N., et al.,    )
                                        )
              Plaintiffs,               )
                                        )
       v.                               )         Case No. 12-2132-JWL
                                        )
ST. JOHN'S MILITARY SCHOOL,             )
                                        )
              Defendant.                )
                                        )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on the motion by defendant St. John's

Military School for summary judgment (Doc. # 279).  The motion is **granted in part**

**and denied in part**, as set forth herein.

This matter also comes before the Court on plaintiffs' motion for summary

judgment on the affirmative defense of comparative fault (Doc. # 281).  That motion is

**granted in part and denied in part**.  The motion is granted with respect to the defense

as applied to plaintiffs' claims for intentional infliction of emotional distress and

intentional failure to supervise.  The motion is otherwise denied.

### I.    Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is

"no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id*.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit,

a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).


## II.    Intentional Infliction of Emotional Distress

Eleven plaintiffs (either on their own behalf or through representatives) allege that they were injured while attending defendant St. John's Military School. Plaintiffs' claims include a claim under Kansas law[1] for intentional infliction of emotional distress. Defendant seeks summary judgment on that claim as asserted by each plaintiff.

In order to recover on a claim for intentional infliction of emotional distress—a cause of action also known as the tort of outrage—plaintiffs must show that defendant's conduct was extreme and outrageous. *See Valadez v. Emmis Communications*, 290 Kan. 472, 477 (2010).

> Conduct that rises to the level of tortious outrage must transcend a
> certain amount of criticism, rough language, and occasional acts and

---

[1]Because the alleged torts took place in Kansas, the Court applies Kansas substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 U.S. 496 (1941) (in diversity action, forum state's choice-of-law rules govern which state's substantive law applies); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred).

words that are inconsiderate and unkind. The law will not intervene where someone's feelings merely are hurt. In order to provide a sufficient basis for an action to recover for emotional distress, conduct must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society.

*See id.* (citing *Taiwo v. Vu*, 249 Kan. 585, 592-93 (1991)).

Defendant notes plaintiffs' contention in the pretrial order that defendant committed this tort by placing plaintiffs in close proximity with dangerous students, and it argues that such conduct is not sufficiently outrageous as a matter of law. Defendant has cited no authority to support that argument, however. The Court concludes that a fact question remains for trial concerning whether defendant's conduct was sufficiently extreme. Plaintiffs have cited evidence that defendant admitted students with prior discipline problems and employed lax admission standards; that students were charged with disciplining other students; that defendant's administrators had knowledge that students hazed and inflicted physical harm on other students, including branding of students' skin without their consent; that supervisors tolerated and even witnessed physical abuse by students of other students; that students complained, local police were called on a number of occasions, and that multiple lawsuits alleged physical abuse;[2] and that the supervisors hired by defendant were poorly paid and included individuals with criminal records. Thus, plaintiffs have provided evidence that defendant implemented a system with students imposing physical discipline on other students, had notice that

_____

[2]Of course, the mere fact that lawsuits were filed does not provide evidence of abuse, but it does provide evidence that defendant was aware of *complaints* of abuse.

4

such discipline caused physical harm, and nonetheless failed to protect plaintiffs from such harm. The Court concludes that a reasonable jury could find that such conduct exceeded the bounds of decency and is intolerable in modern society.

Defendant also argues that the causal chain between its conduct and plaintiffs' injuries was broken by the physical assaults by the particular students, who are not parties to this case. Defendant has provided no authority to support that position, however. Indeed, as defendant is alleged to have wrongfully permitted the physical assaults, the fact of those assaults does not necessarily insulate defendant from liability for plaintiffs' injuries. *See, e.g.*, Restatement (Second) of Torts § 448 ("The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime*.") (emphasis added), *cited in Citizens State Bank v. Martin*, 227 Kan. 580, 589 (1980).

Accordingly, the Court denies defendant's motion for summary judgment on this basis.


**III.** **Severe Emotional Distress**

Defendant also argues that it is entitled to summary judgment on nine plaintiffs'

claims for intentional infliction of emotional distress and negligent infliction of emotional distress, for the reason that those plaintiffs' emotional distress was not sufficiently severe as a matter of law. To prevail on these claims, a plaintiff must prove that he suffered emotional distress that was severe or extreme. *See Valadez*, 290 Kan. at 478. "Elevated fright, continuing concern, embarrassment, worry, and nervousness do not by themselves constitute sufficient harm to a plaintiff to warrant the award of damages for outrage." *Id.* (citations omitted). Concerning this element, the Kansas Supreme Court has quoted with approval the following excerpt from a treatise:

> There is no laundry list of what qualifies as the requisite level of severity [for emotional distress] . . . [I]t is fair to say that headaches, sleeplessness, irritability, anxiety, depression, listlessness, lethargy, intermittent nightmares, and the like would probably not suffice anywhere.
>
> On the other hand, physical symptoms probably would suffice, and if purely mental symptoms are all that apply . . . those symptoms should at least be long lasting and debilitating.

*See id.* at 479 (brackets in original) (quoting Boston, Kline & Brown, *Emotional Injuries: Law and Practice* § 22:7 (1998)). The supreme court has also noted that "the absence of psychiatric or medical treatment, including medication, weighs against a finding of extreme emotional distress." *See id.*

With respect to five plaintiffs—J.A., G.S., N.S., C.U., and L.T.—plaintiffs have not identified in their response brief any specific emotional distress allegedly suffered, instead citing only evidence concerning incidents of physical abuse. Accordingly, those plaintiffs have not satisfied their burden to come forward with evidence of emotional

distress that is sufficiently severe under Kansas law, and summary judgment is appropriate in favor of defendant on those plaintiffs' emotional distress claims.

Plaintiffs have submitted evidence that an expert has diagnosed three plaintiffs—J.M., C.D., and H.T.—with post-traumatic stress disorder (PTSD). Defendant has not explained why such a condition is not sufficiently severe to support an emotional distress claim, or cited any authority to support such an argument. *Cf., e.g.*, *Monaco v. HealthPartners of So. Ariz.*, 995 P.2d 735, 739 (Ariz. Ct. App. 1999) (PTSD constituted sufficiently severe condition to support an emotional distress claim); *Gulley v. Markey*, 2003 WL 169953, at *3 (Ohio Ct. App. Jan. 24, 2003) (unpub. op.) (evidence of depression and PTSD was sufficient to support claim for intentional infliction of emotional distress). Defendant argues that the expert did not treat those plaintiffs for their condition. Defendant concedes, however, that although a lack of treatment is a factor for consideration, it is not dispositive. In this case, an expert has diagnosed significant emotional distress in the form of PTSD, and such evidence is sufficient to support a reasonable finding that these three plaintiffs suffered sufficiently severe emotional distress. Defendant's motion for summary judgment on this basis is denied with respect to these three plaintiffs.

Finally, plaintiff M.K. has submitted evidence of a suicide attempt. Defendant argues that such emotional distress is not sufficient, and it cites *Robison v. Board of County Commissioners of Rush County*, 2007 WL 518829 (Kan. Ct. App. Feb. 16, 2007), an unpublished opinion without precedential value, in support of that argument. In that

case, however, the court noted that there was no indication that medical treatment was necessary. *See id.* at *9. In this case, there is evidence that M.K. attempted suicide by overdosing on prescription medication, for which M.K. was treated at a hospital. The Court concludes that a reasonable jury could find that such emotional distress was sufficiently severe to permit liability.

The Court also rejects defendant's argument that there is insufficient evidence linking M.K.'s suicide attempt to defendant's conduct. The hospital records relating to the attempt note M.K.'s reference to depression from being hazed and bullied and harassed by other students at the school, and such evidence is sufficient to allow a reasonable jury to find that defendant's conduct in failing to protect M.K. from abuse caused his suicide attempt. The Court denies defendant's motion for summary judgment on this basis with respect to plaintiff M.K.

### IV.    Requirement of Accompanying Physical Injury

Defendant seeks summary judgment on the basis that no plaintiff suffered a sufficient physical injury to permit recovery for negligent infliction of emotional distress. "It has long been the general rule in Kansas that there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff." *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274 (1983).

Defendant relies on the Kansas Supreme Court's statement in *Hoard* (repeated

8

in later cases) that "[c]ase law requires that the physical injuries must *directly* result from the emotional distress allegedly caused by the defendant's negligence, and must appear within a short span of time after the emotional disturbance." *See id.* at 279 (emphasis in original). Defendant argues from that statement that the qualifying physical injuries must have resulted from the claimed emotional distress, and it further argues that, although plaintiffs have alleged physical injuries from abuse by other students, those injuries were not caused by the emotional distress.

The Court rejects this argument by defendant. The rule as stated in *Hoard* and as repeated in other cases is that there must be physical injury that results from the emotional distress *or that accompanies the emotional distress*. *See id.* at 274. In *Hoard*, there was no evidence of accompanying physical injury, and the court stressed that any later physical injury cannot be too remote but must have resulted directly from the emotional distress and within a short time period. *See id.* at 275-79. If a *resulting* physical injury is required in all cases, there would have been no reason for the court to include within the rule the alternative of an *accompanying* physical injury.

Moreover, permitting the alternative showing of an accompanying physical injury satisfies the rule's rationale of addressing the fact that the temporary emotion of fright "is so evanescent a thing, so easily counterfeited, and usually so trivial." *See id.* at 724 (quoting Prosser, *Law of Torts* § 54 (4th ed. 1971)). The concern is permitting liability for merely negligent conduct that causes only emotional harm. The fact that a negligent act causes physical injury as well provides the additional assurance that the overall effect

on the plaintiff was sufficiently substantial to permit the possibility that the plaintiff actually suffered real emotional distress.

Defendant has not cited any case in which the court rejected a claim for negligent infliction of emotional distress because plaintiff's physical injury merely accompanied but was not caused by the emotional distress. Indeed, plaintiffs commonly are permitted to claim both physical and emotional injuries in a typical negligence case. For instance, in *Hough v. Atchison, Topeka and Santa Fe Railway Co.*, 133 Kan. 757 (1931)—the first case cited by the *Hoard* court in support of the general rule, *see Hoard*, 233 Kan. at 274—the supreme court held that the general rule that purely mental damages are not recoverable in a negligence case did not preclude recovery there because the plaintiff had suffered physical injuries from being struck by a train. *See Hough*, 133 Kan. at 762. In *St. Clair v. Denny*, 245 Kan. 414 (1989), the Kansas Supreme Court, after quoting the general rule from *Hoard*, noted that "Kansas cases discussing recovery for emotional distress all appear to involve either *prior or contemporaneous* physical injury." *See id.* at 423 (emphasis added).

Accordingly, the Court rejects defendant's argument that the required physical injury for a claim of negligent infliction of emotional distress must have resulted from the claimed emotional distress. In addressing this claim, defendant conceded in its reply brief that plaintiffs had alleged physical injuries. In the context of opposing plaintiffs' negligent supervision claim, however, defendant also argued that a plaintiff may not recover for emotional distress in the absence of physical injury. As explained above, that

10

general statement of Kansas law is correct, as shown, for example, by the application of that rule in *Hough* and *St. Clair*, which did not involve claims for negligent infliction of emotional distress, but instead involved general negligence claims.[3] Defendant argues that five plaintiffs did not suffer sufficient physical injuries to allow for recovery for emotional distress based on negligent supervision. The Court thus will address that argument in the context of both of plaintiffs' claims based on negligence.

Plaintiff J.A. Plaintiffs provided evidence that J.A. was beaten and suffered physical abuse. Defendant notes that J.A. has not claimed any damages for the cost of medical treatment, and it argues that any physical injury was too minor to allow for recovery for emotional distress. In citing and applying the rule requiring a physical injury, however, Kansas courts have not imposed a threshold requiring a physical injury of a certain severity. Defendant also points to the interrogatory in which it asked J.A., in the event that he was "claiming personal injury," to identify the part of his body that was injured as a result of the occurrences mentioned in the complaint. In response, J.A. stated that his hand was broken at school "and the continued use of it when it was not to be used exacerbated the injury." Defendant cites J.A.'s deposition testimony that the broken hand resulted from an incident unrelated to the claims in this suit. The interrogatory answer also referred to the exacerbation of that injury, however, and the

---

[3]Defendant also cites this Court's prior reluctance to recognize a school's duty to supervise students in such a manner to prevent purely emotional harm without physical harm. *See Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 968-69 (D. Kan. 2005) (Lungstrum, J.).

answer therefore does not preclude reliance on a physical injury caused by defendant's conduct. Moreover, the interrogatory's reference to a "claim" for "personal injury" is ambiguous in this context, and there is evidence that J.A. did suffer physical harm, as required for the recovery of emotional distress, whether or not he is seeking to recover damages specifically for the physical harm (an issue that this Court does not decide).

Plaintiff G.S. To satisfy this element of a physical injury, plaintiffs cite an incident in which G.S.'s head was repeatedly slammed into a bus seat. Defendant points to G.S.'s deposition testimony that he suffered no "visible injury" from that incident, but that testimony does not necessarily foreclose the possibility of physical injury that was not visible. *See, e.g.*, *Hough*, 133 Kan. at 762 (qualifying physical injury may be internal, without surface wounds of any kind). The nature of the incident provides evidence that G.S. suffered at least some physical injury at that time. In the Court's view, the occurrence, allegedly caused by defendant's negligence, was sufficiently physical in nature, with a physical impact on the plaintiff, to satisfy the rule prohibiting recovery purely for mental distress in the absence of physical harm. The Court rejects defendant's argument with respect to this plaintiff.

Plaintiff N.S. Defendant notes that N.S. does not claim damages for medical expenses, that he did not seek medical treatment after any of five particular incidents of abuse, and that he testified that he did not suffer cuts or similar effects from those incidents. N.S. also testified that he did not suffer any injury specifically from excessive physical training. Plaintiffs have provided evidence, however, of physical abuse suffered

12

by N.S., and he did not testify that he did not suffer any physical harm from any of the incidents that he identified. The Court rejects defendant's argument with respect to this plaintiff.

Plaintiff K.N. Plaintiffs have provided evidence of physical abuse suffered by K.N. Defendant notes that K.N. alleges injuries to his head, ankle, and eye, but it argues that K.N. has testified that he did not suffer "permanent" injuries. As noted above, however, there is no rule requiring the physical injury to be permanent or of a certain severity. Defendant also notes that K.N. identified only his PTSD in response to an interrogatory, but as discussed above, the fact that K.N. may not "claim" any other "personal injury" does not mean that he did not suffer any physical harm for purposes of this analysis. Finally, as noted by plaintiff's expert, PTSD involves physical symptoms, and defendant has not explained why PTSD may not qualify as the necessary physical injury or provided authority to that effect. *Cf. Henricksen v. State*, 84 P.3d 38, 55 (Mont. 2004) (PTSD is a physical manifestation of bodily harm resulting from emotional distress that is sufficient to show that the emotional distress is genuine and severe). The Court rejects defendant's argument with respect to plaintiff K.N.

Plaintiff Z.O. Plaintiffs have provided evidence that Z.O. suffered physical abuse. For the same reasons as noted above, defendant's interrogatory about claimed personal injury is too ambiguous to restrict Z.O.'s proof of this requirement. Moreover, Z.O. did identify an injured hand in that answer. Defendant points to Z.O.'s testimony that he injured his hand punching another student, but the injury occurred in reaction to

13

an alleged sexual touching, and a jury could reasonably find that the injury was therefore caused by defendant's conduct. Z.O. also identified his PTSD in his interrogatory answer, which also involves bodily symptoms. The Court rejects defendant's argument concerning this plaintiff.

The Court concludes that questions of fact remain, based on evidence viewed in plaintiffs' favor, concerning whether plaintiffs suffered physical harm and thus may recover for emotional distress caused by negligent conduct. Accordingly, the Court denies defendant's motion for summary judgment on this basis.


### V.    Negligent Supervision

Defendant also seeks summary judgment on plaintiffs' negligent supervision claim on the ground of a lack of foreseeability. Specifically, defendant argues that plaintiffs must provide evidence that it had notice of dangerous propensities of the specific students who allegedly abused plaintiffs, such that abuse by those particular students was reasonably foreseeable. The Court rejects this basis for summary judgment, as defendant has not shown that Kansas law requires such a showing that an act by the particular third party is foreseeable.

Defendant relies on *Nero v. Kansas State University*, 253 Kan. 567 (1993), and *Beshears ex rel. Reiman v. Unified School District No. 305*, 261 Kan. 555 (1997). In neither case, however, did the court limit the type of evidence that could make harm to the plaintiff foreseeable. In *Nero*, a university had placed an alleged rapist in a coed

14

dorm with the plaintiff between terms, and the court held that the evidence created an issue of fact for the jury concerning foreseeability. *See Nero*, 253 Kan. at 584-85. The court did not state that evidence of a general danger to plaintiff could not satisfy the foreseeability requirement in the right circumstances. *Beshears* involved a fight at school, and in holding that the school could not have prevented the fight, the court noted that the particular third party's prior conduct did not show him to be dangerous. *See Beshears*, 261 Kan. at 565-66. Again, however, the court did not suggest that the foreseeability requirement could not be satisfied by evidence that the school had reason to know that a fight would occur between unknown students.

Defendant also cites *Cupples v. State*, 18 Kan. App. 2d 864 (1993), which involved an attack by one prison inmate upon another. In concluding that the attack was not foreseeable as a matter of law, the court noted that there was no factual basis for finding that the particular third party would attack the plaintiff. *See id.* at 880. The court also stated, however, that where no specific duty is owed to protect the plaintiff from a particular third party, the defendant was "required only to exercise reasonable and ordinary care to prevent attacks by other inmates." *See id.* Thus, the *Cupples* court recognized that even without a foreseeable attack by a specific person, the defendant may have a general duty of reasonable care to prevent attacks. Similarly, in this case, plaintiffs assert a general duty of defendant to exercise reasonable care to prevent physical abuse of students by other students.

Finally, defendant cites *Sly v. Board of Education of Kansas City*, 213 Kan. 415

(1973). In concluding that an attack at school was not foreseeable, the court considered the specific attackers' prior discipline problems. *See id.* at 425. "Most importantly" in the court's view, however, the trial court had found that there had been no prior fighting between students generally at that place and time. *See id.* Thus, the court also considered whether an attack was foreseeable in a general sense, not tied to the particular third parties.

Accordingly, the Court does not agree with defendant that, in order to prove a claim of a negligent failure to prevent an attack under Kansas law, the plaintiff must show that an attack by the specific third party was foreseeable. Rather, a plaintiff must show only that defendant knew or should have known that its actions would likely have resulted in harm to students. In *Cupples*, the court described foreseeability as follows:

> Foreseeability, for the purpose of proving negligence, is defined as a common-sense perception of the risks involved in certain situations and includes whatever is likely enough to happen that a reasonably prudent person would take it into account. An injury is foreseeable so as to give rise to a duty of care where a defendant knows or reasonably should know that an action or the failure to act will likely result in harm.

*Cupples*, 18 Kan. App. 2d at 879 (citations omitted). Defendant has not argued that there is no evidence that the abuse of students by other students generally was foreseeable. As noted above, plaintiffs have presented evidence that defendant implemented a system in which students disciplined other students and that defendant had notice of incidents of abuse. Plaintiffs have also provided evidence that complaints had been made to defendant about some of the particular attackers. Such evidence, viewed in the light

16

most favorable to plaintiffs, creates a question of fact for the jury on the issue of foreseeability, and the Court therefore denies defendant's motion for summary judgment on this basis.

## VI.    Intentional Failure to Supervise

Plaintiffs also assert a claim for intentional failure to supervise.  In a prior order in this case, the Court rejected defendant's argument that Kansas would not recognize such a cause of action.  *See Nkemakolam v. St. John's Military School*, 2013 WL 1687093, at *1-2 (D. Kan. Apr. 18, 2013) (Lungstrum, J.).  Defendant seeks summary judgment on this claim as well on the basis of a lack of foreseeability, but the Court concludes, for the same reasons stated above with respect to negligent supervision, that a fact question remains for the jury on that issue.  Defendant also suggests that because of the intentional nature of the tort, a stricter standard of foreseeability would apply, such that plaintiffs would need to show that it was certain that harm would occur.  The Court need not decide the whether such a standard should apply, however, as the Court concludes that a fact question would remain even under defendant's standard. Accordingly, the Court denies defendant's motion for summary judgment on this claim.

## VII.    Defense of Comparative Fault

By their own motion, plaintiffs seek summary judgment on defendant's affirmative defense of comparative fault, by which defendant seeks at trial to compare

17

its own fault with that of the third-party students alleged to have harmed plaintiffs, as well as the fault of plaintiffs and their guardians.

## A. *Defendant's Preliminary Arguments in Opposition*

Defendant first argues that plaintiffs have improperly failed to rely on record evidence for their motion. Plaintiffs' motion essentially raises legal issues, however, and plaintiffs are entitled to seek summary judgment on defenses that lack a legal basis. *See, e.g.*, Fed. R. Civ. P. 56(a) (court shall grant summary judgment if movant is entitled to judgment as a matter of law).

Defendant next argues that plaintiffs' motion is premature and that the issue of comparative fault may not be decided before trial. The authority cited by defendant, however, does not preclude consideration of this issue at this time, but merely makes the point that issue of comparative fault may not be submitted to the jury unless there is sufficient evidence of the non-party's fault. *See Gust v. Jones*, 162 F.3d 587, 593 (10th Cir. 1998). If there is no legal basis for the assertion of comparative fault regardless of how the evidence comes in at trial, plaintiffs are entitled to summary judgment at this time.

Defendant also devotes a number of pages of its response brief to providing a long quote from a Kansas case purportedly concerning the legal duty owed by defendant to plaintiffs. Defendant fails to explain adequately, however, how that discussion bears on the issue of whether defendant is entitled to assert comparative fault in this case under the allegations made by plaintiffs.

Finally, defendant's argument that the Court should ignore one argument by plaintiffs because it is not sufficiently encompassed within the "Questions Presented" section of plaintiffs' brief is borderline frivolous. The applicable rules establish no such requirement. Plaintiffs argued the issue in the body of its memorandum, and defendant cannot have suffered any prejudice from plaintiffs' failure to summarize its arguments more broadly in another part of the brief.

### B.    *Plaintiffs' Intentional Tort Claims*

Two of plaintiffs' claims are for intentional infliction of emotional distress and intentional failure to supervise. The Court agrees with plaintiffs that a defendant is not entitled to compare its intentional conduct with others' conduct. The comparative fault statute, K.S.A. § 60-258a, speaks only of the comparison of negligence with other negligence. Moreover, in *Sieben v. Sieben*, 231 Kan. 372 (1982), the Kansas Supreme Court held that the enactment of the comparative fault statute did not change the "common law rule of joint and several liability for defendants in intentional tort actions." *See id.* at 378. Defendant notes that plaintiffs' intentional tort claims depend upon conduct by third parties, and it argues that the present case therefore does not involve multiple tortfeasors committing a single tort, as contemplated in *Sieben*. In describing this rule, however, the *Sieben* court quoted with approval the statement that joint and several liability applies, whereby each intentional tortfeasor is liable for the entirety of the harm to the plaintiff, even if the tortfeasors are charged with distinct and different acts contributing to the injury. *See id.* (quoting 74 Am. Jur. 2d, *Torts* § 76). Defendant

19

has provided no authority for the application of comparative fault in the case of an intentional tort claim. Accordingly, plaintiff's motion is granted as it relates to their intentional tort claims, and plaintiffs are awarded judgment on this defense as applied to those claims.

C. *Plaintiffs' Negligence Claims*

With respect to their negligence claims, plaintiffs argue that defendant should not be permitted to compare the fault of the third-party students who allegedly inflicted physical abuse on plaintiffs because those third parties acted intentionally and not negligently. Plaintiffs are correct that, under Kansas law, intentional wrongdoing cannot be compared with the defendant's negligence under the comparative fault statute. *See Kansas State Bank & Trust Co. v. Specialized Transp. Servs., Inc.*, 249 Kan. 348, 374-76 (1991). Defendant responds that plaintiffs' injuries in some cases may have been caused by negligent conduct by the third parties. Plaintiffs insist that they do not seek to recover for injuries caused accidentally by other students. Nevertheless, the evidence at trial may reveal harmful conduct by the third parties that a reasonable jury could deem negligent, in which case a comparative fault instruction would not be prohibited. Accordingly, the Court denies plaintiffs' motion for judgment on this defense as it relates to third parties at this time.

Plaintiffs also seek summary judgment on the defense of comparative fault as applied to the conduct of plaintiffs themselves or their guardians. Plaintiffs argue that such fault should not be compared because defendant had a duty to protect plaintiffs

20

from harm. Plaintiffs have not provided any authority, however, that would prohibit application of comparative fault in such circumstances. The comparative fault statute permits the comparison of others' negligence with that of the defendant. Accordingly, plaintiffs have not shown that defendant will not be permitted to assert at trial the comparative negligence of plaintiffs or their guardians, and the Court therefore denies plaintiffs' motion for summary judgment as it relates to such parties.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendant St. John's Military School for summary judgment (Doc. # 279) is **granted in part and denied in part**. The motion is granted with respect to the claims for intentional infliction of emotional distress and negligent infliction of emotional distress by plaintiffs J.A., G.S., N.S., C.U., and L.T., and judgment is awarded to defendant on those claims. The motion is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiffs' motion for summary judgment on the affirmative defense of comparative fault (Doc. # 281) is **granted in part and denied in part**. The motion is granted with respect to the defense as applied to plaintiffs' claims for intentional infliction of emotional distress and intentional failure to supervise, and judgment is awarded to plaintiffs to that extent. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 13th day of January, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
