IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, )
as Parent and Next Friend of K.N., et al., )
)
Plaintiffs, )
)
v. ) Case No. 12-2132-JWL
)
ST. JOHN'S MILITARY SCHOOL, )
)
Defendant. )
)
_____)

# **MEMORANDUM AND ORDER**

This matter is presently before the Court on the motion by defendant St. John's Military School for separate trials (Doc. # 285). For the reasons set forth below, the Court **denies** the motion.

Defendant first seeks to sever the eleven plaintiffs' claims into eleven cases pursuant to Fed. R. Civ. P. 21. Rule 21 provides that a court may sever claims, *see id.*, but that provision is generally used for severance of claims that have not been properly joined under Rule 20(a). *See* 7 Charles A. Wright, et al., *Federal Practice and Procedure* §§ 1682, 1689 (3d ed. 2001). Rule 20(a) allows for the joinder of various plaintiffs' claims in one action if those claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" and "any question of law of fact common to all plaintiffs will arise in the action." *See* Fed R. Civ. P. 20(a). This Court

has elaborated on those requirements as follows:

> The drafters devised Rule 20(a) "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001). The court construes Rule 20(a) broadly because "joinder of claims, parties, and remedies is strongly encouraged." *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).
>
> In scrutinizing the text of Rule 20, permissive joinder is proper when two requirements are met. First, as the text states, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Contrary to [the defendant's] strict interpretation, courts have consistently held that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). That interpretation is bolstered by the observation that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653. The second requirement of Rule 20 is a common question of law or fact. Fed. R. Civ. P. 20(a). Some, not all, questions of law or fact must be common. *Mosley*, 497 F.2d at 1334.

*See Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616-17 (D. Kan. 2006) (Lungstrum, J.).

Defendant argues that the eleven plaintiffs' claims arise from different transactions or occurrences because they involve distinct incidents of alleged abuse while attending defendant school. Defendant has not addressed, however, the liberal

standard for joinder under Rule 20(a) previously applied by this Court. Plaintiffs do not merely allege that they were abused in separate incidents; instead, all plaintiffs allege that defendant countenanced and failed to protect them from abuse at the hands of other students. Thus, the claims have a logical relationship to each other. Moreover, the eleven plaintiffs share the same liability expert, and each plaintiff intends to offer evidence of defendant's approach to and policies concerning discipline of students by students, including training and supervision, as well as evidence of defendant's knowledge and notice of abuse of students. Such overlapping evidence indicates that requiring eleven separate trials would result in delay, inconvenience to the parties and witnesses, and added expense. The Court thus concludes that plaintiffs' claims do arise out of the same series of transactions or occurrences. The Court also concludes that plaintiffs' claims involve common questions of law and fact. As noted, the factual question of defendant's notice of abuse is central to each plaintiff's case, and plaintiffs rely on the same legal theories. *See DIRECTV, Inc.*, 220 F.R.D. at 632 (common question of law involved because plaintiffs pursued the same legal theories). Accordingly, the Court concludes that these plaintiffs' claims were properly joined under Rule 20(a), and severance under Rule 21 is therefore inappropriate.

Defendant also requests separate trials of the eleven plaintiffs' claims pursuant to Fed. R. Civ. P. 42(b), which allows a court to order separate trials of separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." *See id.* This Court has discussed Rule 42(b) as follows:

3

> It is well recognized in this district that separate trials of claims properly joined is not the usual course. In light of the general principle that a single trial tends to lessen delay, expense and inconvenience, the party seeking bifurcation has the burden of showing that separate trials are proper. This court has broad discretion in deciding whether to order a separate trial and the exercise of that discretion will be set aside only if clearly abused.

*See Battenfeld of Am. Holding, Inc. v. Baird, Kurtz & Dobson*, 1999 WL 319080, at *1 (D. Kan. Apr. 22, 1999) (Lungstrum, J.) (citations omitted).

Separating one trial into eleven in this case would certainly not be more convenient, and would not expedite or economize the litigation. Defendant instead argues that it would suffer prejudice from a single trial. Defendant notes that the eleven plaintiffs attended defendant school at different times, varying in duration from five days to 29 months, with at most seven plaintiffs in attendance together at any one time; that plaintiffs were involved in discrete incidents of alleged abuse, with little overlap among the attackers and witnesses; that the types of physical abuse alleged vary by plaintiff; and that plaintiffs generally will have different experts and doctors testifying regarding the harm suffered. Defendant argues that allegations and evidence relevant to some plaintiffs' claims will taint the jury's consideration of other plaintiffs' claims, particularly if some plaintiffs were the victims of more egregious conduct. Defendant also argues that some evidence may be relevant and admissible for consideration of some but not all plaintiffs' claims.

The Court is not convinced, however, that defendant will suffer such prejudice in a single trial. In the Court's experience, juries are quite able to keep track of details

4

of different incidents and different time periods, particularly since the jurors will be allowed to take notes during the trial. The Court will instruct the jury about any evidence that may be considered with respect to some claims but not others, and there is no reason to presume that the jury will not follow any such instructions. Moreover, the Court does not agree with defendant that the jury will be confused by the fact that some claims remain as asserted only by some of the plaintiffs; counsel can easily make that distinction in their arguments, and the Court's instructions and verdict form will make clear which claims are asserted by which plaintiffs.

The Court further concludes that any minimal prejudice from a single trial is substantially outweighed by the inconvenience and delay and expense that would result from eleven separate trials. Defendant attempts to minimize the amount of overlapping evidence in this case. As noted above, however, evidence concerning defendant's policies and practices regarding student discipline and concerning defendant's knowledge and notice of abuse will be relevant to each plaintiff's claim. The parties' liability experts would also be expected to testify on behalf of or in opposition to all eleven plaintiffs. There are witnesses to incidents involving multiple plaintiffs, and one damages expert will testify on behalf of three plaintiffs. Holding eleven separate trials would delay the resolution of some plaintiffs' claims by many months or longer, and would greatly increase the costs incurred by the parties and the Court.

In summary, the Court is not persuaded that the risk of prejudice to defendant from a single trial is so great that the parties and the Court should instead suffer the great

5

inconvenience and added expense of eleven separate trials.  Accordingly, the Court in its discretion denies defendant's request for separate trials.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendant St. John's Military School for separate trials (Doc. # 285) is **denied**.

IT IS SO ORDERED.

Dated this 17th day of January, 2014, in Kansas City, Kansas.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge