IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM, )
as Parent and Next Friend of K.N., et al., )
)
Plaintiffs, )
)
v. ) Case No. 12-2132-JWL
)
ST. JOHN'S MILITARY SCHOOL, )
)
Defendant. )
)
_____)

# **MEMORANDUM AND ORDER**

This matter comes before the Court on the motions by defendant to exclude expert testimony by Dr. Roger Pitman (Doc. ## 330/331), Dr. Shirley Taylor (Doc. ## 330/332), and Carol Hotchkiss (Doc. ## 330/333). For the reasons set forth below, the motions concerning Dr. Pitman and Ms. Hotchkiss are **denied**, and the motion concerning Dr. Taylor is **granted in part and denied in part**.

**I.     Governing Standards**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert scientific testimony. *See id.* at 589-93; *see also Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). The admissibility of

expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In order to determine that an expert's opinions are admissible, this Court must undertake a two-part analysis: first, the Court must determine that the witness is qualified by "knowledge, skill, experience, training, or education" to render the opinions; and second, the Court must determine whether the witness's opinions are "reliable" under the principles set forth in *Daubert* and *Kumho Tire*. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). The rejection of expert testimony is the exception rather than the rule. *See* Fed. R. Evid. 702 advisory committee notes.

To qualify as an expert, the witness must possess such "knowledge, skill, experience, training, or education" in the particular field as to make it appear that his or her opinion would rest on a substantial foundation and would tend to aid the trier of fact in its search for the truth. *See LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). In determining whether the proffered testimony is reliable, the Court assesses whether the reasoning or methodology underlying the testimony is scientifically

valid and whether that reasoning or methodology can be properly applied to the facts in issue. *See Daubert*, 509 U.S. at 592-93. The *Daubert* Court listed four factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error associated with the theory; and (4) whether the theory has attained widespread or general acceptance. *See id*. at 592-94. In *Kumho Tire*, however, the Supreme Court emphasized that these four factors are not a "definitive checklist or test" and that a court's inquiry into reliability must be "tied to the facts of a particular case." *See Kumho Tire*, 526 U.S. at 150. In some cases, "the relevant reliability concerns may focus upon personal knowledge or experience," rather than the *Daubert* factors and scientific foundations. *See id.* (quoted in *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1235 (10th Cir. 2004)). The district court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *See id*. at 152.

## II.     **Motion to Exclude Expert Testimony of Dr. Roger Pitman**

Defendant seeks to exclude testimony by Dr. Roger Pitman, a psychiatrist, who has rendered opinions on four of the plaintiffs, including assigning mental health impairment percentages for each of those plaintiffs. Defendant does not challenge Dr. Pitman's qualifications, but instead argues that Dr. Pitman's methodology and opinions are not reliable. In making that argument, however, defendant has failed to provide any evidence or authority—from another expert or from literature or legal

3

precedent—suggesting that Dr. Pitman's methodology is unreliable. Instead, defendant has cited only Dr. Pitman's own deposition testimony and expert reports, in asking the Court simply to conclude on its own, within a specialized medical field, that Dr. Pitman's conclusions are so unreliable as to merit exclusion. The Court is unwilling to do so. Accordingly, this motion is denied. The Court addresses defendant's specific arguments in turn.

Defendant first argues that Dr. Pitman's opinions concerning one plaintiff are unreliable because he changed answers indicated by the plaintiff on written tests, which changes affected the categories into which the plaintiff fell for diagnostic purposes. Dr. Pitman explained those "changes" (Dr. Pitman took issue with that characterization) in his report and deposition, however. In one case, his interview with the plaintiff revealed that the reason given for plaintiff's answer did not actually support the particular trait (over-reporting), and Dr. Pitman disclosed that explanation in his expert report. In the other instance, Dr. Pitman changed the plaintiff's initial answers because of the interview, consistent with that test's instructions that the interviewer should make the final judgment concerning the questions based on the interview. In making this argument, defendant did not bother to address Dr. Pitman's explanations, even in its reply brief. Accordingly, defendant has not provided any evidence or authority to suggest that Dr. Pitman acted improperly with respect to those answers.

The Court is also not persuaded by defendant's other arguments. Defendant complains that Dr. Pitman interviewed one plaintiff by telephone and allowed that

4

plaintiff to complete the written tests at his home. Defendant also complains that two other plaintiffs were allowed to complete their tests with parents in the same room, while noting that those plaintiffs' answers included cross-outs and changes. Defendant suggests that Dr. Pitman could not be certain that these plaintiffs' parents did not help with the answers. The Court rejects these arguments as a basis to find his methodology unreliable. Dr. Pitman testified that he instructed plaintiffs to complete the tests without conferring with anyone, and he testified that the applicable standards allowed him to render an opinion concerning one plaintiff based on the telephone interview, the plaintiff's answers to the written tests, and the various medical records and documents he reviewed. Defendant has not provided any evidence or authority suggesting that Dr. Pitman's procedures in this regard were improper or rendered his opinions unreliable. Particularly speculative is defendant's suggestion that Dr. Pitman could have been fooled into talking to someone else when he believed he was conducting the telephone interview of one plaintiff, given Dr. Pitman's review of that plaintiff's medical records, his eventual receipt of the written test answers, and his discussion with that person of incidents occurring at defendant school.

Defendant argues that Dr. Pitman's opinions are unreliable because he administered the standard version of one test to these plaintiffs instead of using the adolescent version of that test. Despite Dr. Pitman's testimony that he had never heard of the adolescent version of the test, defendant has failed to provide any evidence of the existence of that version, let alone any evidence or argument as to why the standard

5

version could not be used for these plaintiffs given their ages. Nor did defendant in its reply brief attempt to refute plaintiff's argument that no such adolescent version exists (although defendant did not withdraw this argument). Accordingly, the Court rejects this basis for exclusion.

The Court also rejects Dr. Pitman's use of percentages in his impairment ratings as a basis for exclusion of his expert testimony. Again, defendant has failed provide any evidence or authority on the issue. Defendant had the opportunity to probe the bases for Dr. Pitman's percentages at his deposition, and defendant has not explained why an expert cannot assign such percentages based on his training and experience.

Finally, defendant complains that Dr. Pitman failed to consider alternative explanations for these plaintiffs' conditions, including pre-existing factors and behavior prior to their experiences at defendant school. The Court rejects these arguments for exclusion, as such dissatisfaction with Dr. Pitman's results go to the weight of his opinions and not to their admissibility. Dr. Pitman's reports reveal that he relied on a number of sources for his opinions, including the histories of the plaintiffs prior to their attendance at defendant school. Indeed, Dr. Pitman did include diagnoses other than PTSD and did attribute portions of these plaintiffs' impairments to causes other than their treatment at the school.

Accordingly, the Court denies the motion to exclude Dr. Pitman's testimony.

### III. Motion to Exclude Expert Testimony of Dr. Shirley Taylor

Defendant moves to exclude the expert testimony of Dr. Shirley Taylor. Dr. Taylor, an expert retained by plaintiffs, is a psychologist specializing in adolescents. According to her report, Dr. Taylor was asked to provide an expert opinion concerning how "the diagnosis of Post Traumatic Stress Disorder (PTSD) presents and impacts adolescent boys in terms of their behavior and emotional status, including [four plaintiffs], in light of what they endured while attending St. John's Military School."

Defendant argues that Dr. Taylor did not have a sufficient basis to offer any opinions regarding PTSD in and the future treatment needs of these specific plaintiffs. In that regard, defendant notes that although Dr. Taylor reviewed Dr. Pitman's reports concerning these plaintiffs, she did not meet or interview the plaintiffs, did not speak to those plaintiffs' parents or doctors, and did not review the plaintiffs' medical records.

In their brief response, plaintiffs "concede that they will not have Dr. Taylor provide testimony to suggest the counseling needs for each boy diagnosed with PTSD." Plaintiffs appear to be addressing only Dr. Taylor's statement at the conclusion of her report that "the boys who experienced and/or witnessed abuse should have therapy available to them throughout their lifetime." Plaintiffs have not explained, however, why Dr. Taylor should be permitted to offer *any* opinions (not just those related to future treatment) specific to these four plaintiffs. In her report, Dr. Taylor included sections on the four plaintiffs, in which she discussed Dr. Pitman's reports and offered opinions concerning these plaintiffs' psychological states in light of their alleged experiences at

7

the school. Plaintiffs have not addressed how Dr. Taylor may reliably opine on a plaintiff's psychological state, including the likely psychological effects on that plaintiff from specific events, without having interviewed the plaintiff or thoroughly reviewed the plaintiff's medical and psychological history. Accordingly, plaintiffs have not met their burden of showing that the proffered expert testimony is reliable and has a sufficient basis. Nor may Dr. Taylor simply repeat Dr. Pitman's opinions or recite evidence of incidents regarding these plaintiffs. *See Ash Grove Cement Co. v. Employers Ins. of Wausau*, 246 F.R.D. 656, 661 (D. Kan. 2007) (Lungstrum, J.) (although an expert may rely on other experts' opinions if they inform or contribute to his own independent opinion, he may not simply parrot or recite the opinions and knowledge or other experts or fact witnesses). Accordingly, the Court grants defendant's motion to the extent that Dr. Taylor will not be permitted to offer any expert testimony relating specifically to any of these four plaintiffs.

Plaintiffs also intend to offer expert testimony by Dr. Taylor concerning PTSD in adolescents generally. In its brief, defendant did not make any specific argument why such testimony would not be admissible. Accordingly, the Court will not exclude such testimony by Dr. Taylor, and defendant's motion is thus denied to the extent that defendant seeks to preclude Dr. Taylor from testifying altogether.

## IV. Motion to Exclude Expert Testimony of Carol Hotchkiss

Plaintiffs intend to call Carol Hotchkiss to testify as an expert on standards and practices for boarding schools relating to the protection and care of their students. In moving to exclude that testimony, defendant challenges both the qualifications of Ms. Hotchkiss and the reliability of her opinions.

Defendant does not dispute that Ms. Hotchkiss is qualified to serve as an expert concerning private residential schools. Defendant argues, however, that Ms. Hotchkiss is not qualified to offer an expert opinion in this case because she has not been employed at a military school and has not worked directly with military school cadets. The Court rejects this argument. Defendant has not shown that military schools (however defined) are subject to different legal standards than those that govern other residential schools. Moreover, Ms. Hotchkiss testified that she has consulted with military schools concerning their practices and policies. Accordingly, the Court concludes that there is no basis to exclude Ms. Hotchkiss's testimony for lack of sufficient expert qualifications.

Defendant also challenges the reliability of Ms. Hotchkiss's opinions. The Court concludes, however, that defendant's specific complaints go to the weight of Ms. Hotchkiss's opinions and not to their admissibility. For instance, defendant argues that other military schools cited with approval by Ms. Hotchkiss actually have manuals that reveal discipline structures similar to that used by defendant. That argument, however, does not bear on the reliability of Ms. Hotchkiss's method of relying on her experience with and knowledge of practices at other military schools. Defendant also argues that

9

certain organizations cited by Ms. Hotchkiss do not actually publish standards specifically applicable to military schools, and that Ms. Hotchkiss therefore relies only on her experience and her own book. Such reliance does not make her opinions unreliable, however—defendant does not dispute the statements in Ms. Hotchkiss's report that her book is used in over 200 boarding schools and that there is no comparable published work; nor does Ms. Hotchkiss's reliance on her own extensive experience disqualify her from rendering an opinion. Moreover, Ms. Hotchkiss's application of a standard of care for boarding schools generally is not a basis for exclusion, as defendant has not shown that a different legal standard applies in the case of military schools, as noted above.

Finally, defendant complains about specific figures given by Ms. Hotchkiss. For instance, defendant objects to Ms. Hotchkiss's testimony that "an acceptable amount of incidents over a five-year period" at a school would be 25. Ms. Hotchkiss did not proffer that opinion of her own accord, however, but rather she gave that answer upon being asked for a figure upon cross-examination by defendant's counsel. Defendant was entitled to inquire about the basis for that opinion in the deposition, and the fact that the witness may have relied on her experience for that answer does not present a ground for exclusion. Similarly, Ms. Hotchkiss's reliance on her experience is not necessarily improper with respect to her opinion that "[a] typical boarding school might include 18-20% of its students with [certain] special needs and carefully evaluate each case based on their ability to provide effective support services."

10

The Court denies in its entirety defendant's motion to exclude Ms. Hotchkiss's expert testimony.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to exclude expert testimony by Dr. Roger Pitman (Doc. ## 330/331) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion to exclude expert testimony by Dr. Shirley Taylor (Doc. ## 330/332) is **granted in part and denied in part**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion to exclude expert testimony by Carol Hotchkiss (Doc. ## 330/333) is **denied**.

IT IS SO ORDERED.

Dated this 24th day of February, 2014, in Kansas City, Kansas.

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge