IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YOLANDA NKEMAKOLAM,　　　　　　　)
as Parent and Next Friend of K.N., et al.,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　)　　Case No. 12-2132-JWL
　　　　　　　　　　　　　　　　　　　　)
ST. JOHN'S MILITARY SCHOOL,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on plaintiffs' motion for leave to file under seal their motion for approval of a settlement with the minor plaintiffs (Doc. # 430). For the reasons set forth below, the motion is **denied.**

The Tenth Circuit has discussed the burden that would apply to a party seeking to seal judicial records, as follows:

> Courts have long recognized a common-law right of access to judicial records. This right, however, is not absolute. The presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.

*See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations and internal quotations omitted). Judge Crow of this district has expanded on that burden:

> This common-law right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. The court looks to the relevant circumstances in deciding whether the parties' asserted interests are significant and outweigh the public's presumed right of access. That a party's request to seal is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal. The moving party still must establish a harm sufficient to overcome the public's right of access to judicial records. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture. Specifically, the party must come forward with evidence as to the nature of the public or private harm that would result if it were so filed. A moving party must submit particular and specific facts, and not merely stereotyped and conclusory statements.

*See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc.*, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012) (citations and internal quotations omitted).

This Court applied these standards to a request to unseal settlement documents in *Barnwell v. Corrections Corporation of America*, No. 08-2151-JWL (D. Kan. Aug. 27, 2009) (slip. op.). In that case, the Court followed the numerous courts that have held that the mere fact that parties have negotiated a "confidential" settlement is not sufficient to outweigh the strong presumption of public access to judicial records. *See id.*, slip. op. at 4-5 (citing cases). The Court also noted that, in the absence of an objection, it has typically honored the negotiated terms of a settlement agreement containing a confidentiality provision "because it recognizes that the parties are not gratuitously seeking court approval of their settlement but are required to do so and, but for that requirement, the agreement would not be maintained in the court's files." *See id.*, slip. op. at 3. The Court further noted that, once a third party has come forward, the Court

would then have the opportunity to assess fully the merits of sealing the agreement, as it did in that case. *See id.*, slip. op. at 4.

In the present case, the Court concludes that the merits of the propriety of sealing any settlement documents should be addressed at this juncture, in light of the fact that the public (through the media) has already demonstrated a keen interest in this litigation and the resolution reached by the parties. In the instant motion, plaintiffs have stated that the parties "desire that the privacy of the documents be protected," but they have not addressed the standards for restricting public access to judicial records and thus have failed to make the necessary showing for sealing of the proposed motion and attachments. Accordingly, the Court denies plaintiffs' motion for leave.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for leave to file under seal (Doc. # 430) is **denied**.

IT IS SO ORDERED.

Dated this 25th day of March, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] The parties would also need to make a sufficient showing to support any request that a public hearing in this case be closed.