**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| YOLANDA NKEMAKOLAM, et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ST. JOHN'S MILITARY SCHOOL, et. al. )<br>)<br>Defendants. ) | Case No. 12-cv-02132-JWL-KGG |

**ORDER APPROVING PLAINTIFFS' MOTION TO APPROVE**
**SETTLEMENT AND ORDER OF JUDGMENT**

On March 26, 2014, this Court took up Plaintiffs', J.A., J.M., G.S., and L.T., (collectively "Minor Plaintiffs") Motion to Approve Settlement. Plaintiffs are represented by their counsel, Daniel R. Zmijewski and Michael S. Kilgore. Defendant St. John's Military School ("St. John's") is represented by Derek Johannsen.

The parties presented evidence regarding the status of this matter and Plaintiffs' desire to settle this matter with St. John's. In support of their motion, the parties submitted by affidavits the following:

1. Plaintiff J.A. is a minor, born on December 11, 1998, and proceeds in this matter through his next friend Jeena Andrews. J.A. resides in the home of his natural mother, Jeena Andrews, in Aptos, California.

2. Plaintiff J.M. is a minor, born on July 25, 1997, and proceeds in this matter through his next friend Jennifer Mactagone. J.M. resides in the home of his natural mother, Jennifer Mactagone, in Auburn, California.

3. Plaintiff G.S. is a minor, born on April 18, 1997, and proceeds in this matter thorough his next friend Patrick Stacy. G.S. resides in the home of his natural father, Patrick Stacy, in Broomfield, Colorado.

4. Plaintiff L.T. is a minor, born on March 27, 1996, and proceeds in this matter through his next friend Janet Traylor. L.T. resides in the home of his natural mother, Janet Traylor, in Dallas, Texas.

5. Minor Plaintiffs attended St. John's Military School in Salina, Kansas, and alleged varying degrees of mistreatment and injury while attending St. John's.

6. This action was originally filed on March 5, 2012. The parties engaged in extensive written discovery and as of the date of this order have conducted over seventy depositions.

7. Minor Plaintiffs, through their next friends, desire to fully and finally resolve their claims against St. John's.

8. The Next Friends, after consulting with the Minor Plaintiffs, considered the contested issues in this litigation, as well as the need for future care and treatment and, when balanced against the risks of continued litigation with the Released Parties, believe that the present settlement represents a sound compromise and is in the best interests of the Minor Plaintiffs.

9. The Minor Plaintiffs and St. John's have agreed that the existence, terms, and conditions of the settlement agreement are strictly confidential, and not to be disclosed by them to any third party.

10. The Minor Plaintiffs presented their testimony through affidavits to avoid the time, burden and litigation cost of travel required to appear at a hearing.

11. The Minor Plaintiffs provided affidavits and other documents to the Court for in-camera review prior to a settlement approval. Those documents were admitted into evidence at the hearing and made an exhibit.

12. The general terms and conditions of the settlement agreement and the parties' consent thereto and execution thereof are contained in the Settlement Agreement that was provided to the Court at the hearing on this matter.

Having considered the evidence, affidavits, and statements of counsel, the Court for the reasons set forth in full on the record hereby Orders, Adjudges, and Decrees as follows:

1. The agreed upon settlement between Plaintiff J.A. and St. John's is fair, reasonable and in the best interests of J.A, and is hereby approved.

2. The net settlement funds after deductions for attorney fees and litigation expenses shall be used to fund a structured annuity for the benefit of J.A. in accordance with the settlement agreement and affidavit executed by Jeena Andrews.

3. The agreed upon settlement between Plaintiff J.M. and St. John's is fair, reasonable, and in the best interests of J.M., and is hereby approved.

4. A portion of the net settlement funds after deductions for attorney fees and litigation expenses shall be used to fund a structured annuity for the benefit of J.M. in accordance with the settlement agreement and affidavit executed by Jennifer Mactagone. The remaining portion of the net settlement funds shall be placed in a restricted or blocked account with a state or federally chartered financial institution for care, maintenance, and support of J.M.

5. Jennifer Mactagone shall be named as the first beneficiary, Scott Mactagone shall be named as the second beneficiary, and Ms. J.M. shall be named as the third beneficiary, for the structured annuity funded for J.M. in accordance with the affidavit executed by Jennifer Mactagone.

6. The agreed upon settlement between Plaintiff G.S. and St. John's is fair, reasonable, and in the best interests of G.S., and is hereby approved.

7. The net settlement funds after deductions for attorney fees and litigation expenses shall be used to fund a structured settlement annuity for the benefit of G.S. in accordance with the settlement agreement and affidavit executed by Patrick Stacy.

8. Patrick Stacy and Christine Stacy shall be named as beneficiaries with a fifty percent (50%) interest allocated to each for the structured annuity funded for G.S. in accordance with the affidavit executed by Patrick Stacy.

9. The agreed upon settlement between Plaintiff L.T. and St. John's is fair, reasonable, and in the best interests of L.T., and is hereby approved.

10. The net settlement funds after deductions for attorney fees and litigation expenses shall be issued to L.T. at 18 years of age in accordance with the settlement agreement and affidavit executed by Janet Traylor.

11. The Minor Plaintiffs, through their next friends, have employed the legal services of DRZ Law, LLC and agreed to the association of Humphrey, Farrington & McClain, P.C., and the contractual attorneys' fees and litigation expenses incurred to date are fair and reasonable, and are hereby approved.

12. The terms and conditions of the individual settlements are fair, reasonable, and in the best interests of the Minor Plaintiffs, and are hereby approved.

13. Minor Plaintiffs through their next friends shall dismiss with prejudice their claims against St. John's in accordance with the settlement agreements.

14. The plaintiff Next Friends shall have judgment against St. John's in accordance with the settlement agreements executed by the parties.

15. Each party shall bear his, her, or its own costs.

**It is so ordered at Kansas City, Kansas.**

Dated this 26th day of March, 2014, in Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge